White *v.* Norfolk and Western Railway Company, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Kenneth L. Salmon, David G. Klaber,* and *Kirkpatrick, Lockhart, Johnson & Hutchison,* for appellant.

No appearance entered nor brief submitted for appellee.

Opinion Per Curiam, June 21, 1974:

This appeal arose from the denial of the preliminary objections of the appellant, Norfolk and Western Railway (N&W), which argued that venue in Allegheny County was improper because of the doctrine of *forum non conveniens*. The facts of this suit in trespass are as follows:

Both Mr. White and N&W are legal residents of Roanoke, Virginia, which is also the place where the alleged accident took place, and where N&W maintains its principal business office. On November 21, 1970, Mr. White, an employee of N&W was in the course of his employment when, he alleges, his hand was injured. At the time he was attempting to stop a train by opening the angle cock when the released air pressure caused a dangling hose to whip against and fracture his thumb. For one year thereafter Mr. White was treated by several Roanoke doctors. Against the advice of these doctors, one of whom is a renowned orthopedic surgeon known especially for his work on hands, Mr. White had surgery performed on his hand in Pittsburgh by a Pittsburgh doctor.

The railroad alleges, and Mr. White does not dispute, that it intended to call four witnesses on liability, including one who was present at the scene, and five doctors on damages. All nine of these witnesses, whose testimony is essential to the defense, reside in Roanoke, approximately 400 miles from Pittsburgh. Only Mr. White's expert, who performed the surgery, resides in Pittsburgh and thereby establishes the only link that this case has with Pittsburgh. The railroad has also stipulated that if the case were dismissed in Pennsylvania, it will not raise the statute of limitations in Virginia.

All of the relevant facts in this case are substantially the same as those set forth in *Norman v. Norfolk and Western Railway Company*, 228 Pa. Superior Ct. 319, 323 A.2d 850 (1974), and we find that case to be controlling.

Order of the lower court is reversed, and the proceedings are stayed pending plaintiff's timely institution of suit in an appropriate forum, and the defendant's submission to service of process therein.