623 A.2d 821

**Anna SHEARS and Stephen Shears,**

v.

**Bernard RIGLEY C/O K Mart and K Mart Corporation, Appellants.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1993.

Filed April 16, 1993.

William P. Marshall, Philadelphia, for appellant.

Marc S. Rosenberg, Bala Cynwyd, for appellees.

Before CIRILLO, BECK and KELLY, JJ.

CIRILLO, Judge.

This is an appeal from an order entered in the Court of Common Pleas of Philadelphia County denying Appellants' petition to dismiss the instant action based on *forum non conveniens* pursuant to 42 Pa.C.S.A. § 5322(e).[1] We affirm.

This matter arises out of an alleged slip and fall which occurred at a K–Mart department store located in New Jersey brought by the Appellees, Anna and Stephen Shears (Shears). Initially, Appellants Bernard Rigley (Rigley) and K–Mart Corporation (K–Mart) filed preliminary objections and asserted that venue in Philadelphia was improper. These preliminary objections were denied and Rigley and K–Mart were directed to answer the complaint. Thereafter, Appellants filed a petition to dismiss the action based on *forum non conveniens* pursuant to § 5322(e) and asserted that in the interest

1. We note that an order sustaining venue or jurisdiction over a person is an interlocutory and unappealable order. Pa.R.A.P. 311(b). However, the trial court "states in the order that a substantial issue" as to the propriety of this matter's venue and jurisdiction is presented and as such the appeal is properly before us. Pa.R.A.P. 311(b)(2).

of "substantial justice" the matter should be heard in a New Jersey forum. 42 Pa.C.S.A. § 5322(e).

In ruling on the petition, the trial court found that K–Mart and Rigley failed to offer sufficient reasons, in the interest of substantial justice, for the court to dismiss the matter. Further, the court found that as a result of the Appellants' dilatory filing of the petition to dismiss, initiation of a law suit in New Jersey would be meaningless, as the statute of limitations had run.

Instantly, neither Rigley nor K–Mart dispute the trial court's exercise of personal jurisdiction over them or that venue is proper in Philadelphia County. Rather, Appellants contend that pursuant to the Uniform Interstate and International Procedure Act, 42 Pa.C.S.A. § 5322(e), the trial court erred in not dismissing the instant matter under the doctrine of *forum non conveniens*. *See Beatrice Foods Co. v. Proctor & Schwartz, Inc.*, 309 Pa.Super. 351, 455 A.2d 646 (1982) (section 5322(e) permits a court to dismiss all or part of an action even though jurisdictional requirements have been met).

 A section 5322(e) dismissal terminates the litigation in the courts of this Commonwealth unlike the intra-jurisdictional transfer between counties embodied under Pennsylvania Rule of Civil Procedure 1006(d). Rule 1006(d)(1) provides in relevant part:

> For the convenience of the parties and witnesses the court upon petition from any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

Pa.R.C.P. 1006(d)(1). Because our courts lack the authority to transfer matters to courts of our sister states, dismissal of the action is the only permissible result. *Alford v. Phil. Coca–Cola Bottling*, 366 Pa.Super. 510, 513, 531 A.2d 792, 794 (1987). Section 5322(e) of the Judicial Code provides as follows:

> When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the

tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

42 Pa.C.S.A. § 5322(e). Regardless of the differences between a transfer of venue under Rule 1006 and dismissal under section 5322, both remedies are derivative of the common law doctrine of *forum non conveniens*. *Alford, supra;* see *Petty v. Suburban. General Hospital,* 363 Pa.Super. 277, 525 A.2d 1230 (1987); *Beatrice Foods, supra.* This court has recognized that the application of the principles of the doctrine of *forum non conveniens* in both intrastate and interstate cases serves the same essential purpose:

> It provides the court with a means of looking beyond technical considerations such as jurisdiction and venue to determine whether litigation in the plaintiff's chosen forum would serve the interests of justice under the particular circumstances.

*Alford,* 366 Pa.Super. at 513, 531 A.2d at 794. As such, those decisions addressing the application of the doctrine equally apply to dismissal of the instant action pursuant to section 5322. *Id.*

A plaintiff's choice of forum is given great weight and a defendant has the burden in asserting a challenge to the plaintiff's choice of venue. *Walker v. Ohio River Co.,* 416 Pa. 149, 205 A.2d 43 (1964). Nonetheless, the trial court is vested with discretion in determining whether or not to grant a petition to transfer venue. *Hosiery Corporation of America, Inc. v. Rich,* 327 Pa.Super. 472, 476 A.2d 50 (1984). If there is any basis for the trial court's decision to grant the petition to transfer venue, the decision must stand. *In Re Mackarus' Estate,* 431 Pa. 585, 596, 246 A.2d 661, 666–67 (1968) (footnote omitted). This court will not overturn the trial court's decision unless there exists an abuse of discretion. *Caplan v. Keystone Weaving Mills, Inc.,* 431 Pa. 407, 246 A.2d 384 (1968); *Brown v. Delaware Valley Transplant Program,* 371 Pa.Super. 583, 538 A.2d 889 (1988); *Hosiery, supra; Walker, supra.*

■ Rigley and K–Mart have the burden of clearly adducing both "private" and "public" elements that either "establish such oppressiveness and vexation to a defendant so as to be out of all proportion to plaintiff's convenience . . . or [ ] make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Petty*, 363 Pa.Super. at 281, 525 A.2d at 1232 (quoting *Koster v. (American) Lumbermens Mutual Casualty Co.*, 330 U.S. 518, 524, 67 S.Ct. 828, 832, 91 L.Ed. 1067 (1947)). A court must balance the private and public elements and "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Petty*, 363 Pa.Super. at 281, 525 A.2d at 1232 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947)).

■ The trial court must consider the following "private" elements in making this determination:

the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Petty*, 363 Pa.Super. at 281–82, 525 A.2d at 1232 (citing *Gulf Oil Corp*, 330 U.S. at 508–09, 67 S.Ct. at 843); *see also Rini v. N.Y. Central R. Co.*, 429 Pa. 235, 239, 240 A.2d 372, 374 (1968); *Plum v. Tampax, Inc.*, 399 Pa. 553, 560–61, 160 A.2d 549, 553 (1960).

■ Additionally, the following "public" interests must be factored into the trial court's analysis:

problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation; the appropriateness of having the action tried in a forum where the court is familiar with the law that must govern the case, rather than having a court in some other forum step into a quick-sand of conflict of laws problems and foreign law.

*Petty,* 363 Pa.Super. at 282, 525 A.2d at 1232 (citing *Gulf Oil Corp,* 330 U.S. at 508–09, 67 S.Ct. at 843); *see also Rini v. N.Y. Central R. Co.,* 429 Pa. 235, 239, 240 A.2d 372, 374 (1968); *Plum v. Tampax, Inc.,* 399 Pa. 553, 560–61, 160 A.2d 549, 553 (1960). .

■ Appellants have presented both "private" and "public" elements which, they contend, make a strong case for dismissal. The trial court found that the Shears reside and are domiciled in New Jersey; that the cause of action and location of the K–Mart department store were located in New Jersey; and, that witnesses also live in New Jersey. However, it is apparent from the trial court's 1925(b) opinion that these factors were specifically balanced against the weighty consideration to be given to a plaintiff's choice of forum. The trial court balanced these factors against the following: that the defendant and key witness Rigley lives in Pennsylvania; that Mrs. Shears received some of her medical treatment in Philadelphia; that the Appellants sought the expert opinions of physicians located in Pennsylvania who ultimately may be called to testify at trial; and, that K–Mart maintains six stores in the Philadelphia area. The trial court concluded that the private elements established by Rigley and K–Mart did not rise to the level necessary to evidence such vexation and oppressiveness to Appellants as to override the Shears' choice of venue.

■ However, our analysis does not stop here. The trial court must also analyze certain "public" interests before reaching a determination. *Petty, supra.* Appellants take issue with the trial court's failure to consider the Philadelphia court's substantial backlog of civil cases in rendering its decision. Pennsylvania courts have long recognized the administrative burdens that follow when "litigation is piled up in congested centers instead of being handled at its origin." *Plum,* 399 Pa. at 561, 160 A.2d at 553 (citation omitted). It is proper for the trial court to address those considerations affecting the court's own administrative and legal problems, including court congestion. *Petty, supra.* Here, however, the trial court did not dismiss the matter. As we find that there

are sufficient contacts with the Philadelphia forum, we decline to juxtapose the scenario where the trial court *dismisses* a matter based upon public factors with the scenario where a trial court, well within its discretion, decides to entertain the litigation.

The Appellants contend that the trial court abused its discretion in weighing the relevant factors based on the holding of this court in *Cinousis v. Hechinger Department Store,* 406 Pa.Super. 500, 594 A.2d 731 (1991). This court recognizes the significance of both the "private" and "public" interests to be considered by the trial court. When reviewing the trial court's decision to dismiss a matter based on *forum non conveniens,* this court will find an abuse of discretion if the trial court has clearly erred in weighing the factors to be considered. *Petty,* 363 Pa.Super. at 282, 525 A.2d at 1232–33 (citation omitted). In *Cinousis,* the court considered whether the trial court abused its discretion in *dismissing* the action under section 5322(e). The trial court found that there were no contacts with the Pennsylvania forum other than the fact that the defendant had operated at least one store in Philadelphia. In contrast, as recounted above, the trial court here found that the Appellants had significant contacts with the Pennsylvania forum. Thus, the trial court's refusal to dismiss the action based on these contacts with Philadelphia County, coupled with the trial court's implicit finding that the matter would not be placed on a "stockpile" of pending civil suits, was not an abuse of discretion. *Petty, supra; Brown, supra; Caplan, supra; Hosiery, supra.*

The court in *Cinousis,* held, as we hold at instant, that "if there is any basis for the trial court's decision, the decision must stand." *Cinousis,* 406 Pa.Super. at 502, 594 A.2d at 732 (citation omitted). Just as the *Cinousis* court was bound to the trial court's finding, we are here, and there is no unyielding or inflexible rule that we can establish that can compensate for the differing facts every case presents.

We also address an additional consideration presented under the facts of this case that was not before the court in *Cinousis*—the issue of the expiration of the statute of limita-

tions. The trial court noted that the only prejudice which will result by the dismissal of the instant action was the prejudice to the Shears as the statute of limitations had expired, thus precluding a cause of action in New Jersey. In *Plum, supra,* the Supreme Court, relying upon the Restatement, Second, Conflict of Laws (tentative draft 1957) § 117(e) noted the significance of the expiration of the statute of limitations when a court is faced with a motion to dismiss the action under the doctrine of *forum non conveniens:*

> ... the action will not be dismissed in any event unless an alternative forum is available to the plaintiff. Because of [this] factor, the suit will be entertained, no matter how inappropriate the forum may be, if defendant cannot be subjected to jurisdiction in other states. *The same would be true if plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept the defendant's stipulation that he will not raise this defense in the second state.*

*Plum,* 399 Pa. at 560, 160 A.2d at 553 (quoting the Restatement, Second, Conflicts of Laws, § 117(c)) (emphasis added).[2]

In *Miller v. Gay,* 323 Pa.Super. 466, 470 A.2d 1353 (1983) this court, relying on *Plum, supra,* and section § 117(c), held that dismissal of the complaint on *forum non conveniens* grounds was improper where the decision would effectively preclude the plaintiff from instituting the action elsewhere due to the expiration of the statute of limitations regardless of the contacts with the Pennsylvania forum. Instead, we affirmed the trial court's dismissal of the complaint based on the

---

**2.** Restatement, Second, Conflict of Laws (tentative draft 1957) § 117(e) was redrafted and reissued in a substantially similar form under the official draft, Restatement, Second, Conflict of Laws, § 84(c) (1969). Section 84(c) provides in relevant part:

> ... the action will not be dismissed unless a suitable alternative forum is available to the plaintiff. Because of [this] factor, the suit will be entertained, no matter how inappropriate the forum may be, if the defendant cannot be subjected to jurisdiction in other states. The same would be true if plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept the defendant's stipulation that he will not raise this defense in the second state.

Restatement, Second, Conflicts of Laws, § 84(c).

application of the foreign state's law under a choice of law analysis and "significant relationship" theory established by our supreme court in *Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796 (1964). We noted, however, that dismissal on *forum non conveniens* grounds, notwithstanding the expiration of the statute of limitations, is permissible if certain conditions are established to eradicate the prejudice to the plaintiff.

■ We have found that a stipulation made by a defendant that he or she would submit to service of process and not raise the statute of limitations as a defense to the action effectively removed any prejudice to the plaintiff. *Daugherty v. Inland Tugs Co.*, 240 Pa.Super. 527, 359 A.2d 465 (1976) (reversing the trial court's dismissal of the defendants' preliminary objections to venue based on *forum non conveniens* and staying the proceedings in the Pennsylvania forum pending the plaintiff's institution of suit in an appropriate forum); *White v. Norfolk & Western Railway Co.*, 229 Pa.Super. 331, 323 A.2d 68 (1974) (holding that a state may dismiss the complaint on *forum non conveniens* grounds conditioned upon the stipulation of the defendant that he will accept service and not plead the defense of statute of limitations in a more convenient forum); *Norman v. Norfolk & Western Railway Co.*, 228 Pa.Super. 319, 323 A.2d 850 (1974) (same).

While the *Cinousis* court similarly relied upon the holdings of *Plum, supra, Daugherty, supra,* and *Norman, supra,* in dismissing the plaintiffs' complaint based on the absence of any significant contact between the plaintiffs' cause of action and the Pennsylvania forum, those decisions, as noted above, conditioned dismissal on the premise that the plaintiffs be permitted to bring suit in an appropriate forum, unhindered by a statute of limitations defense. This latter factor was not at issue in *Cinousis*. Here, we are required to look beyond the "sufficiency of contacts" to assure the Shears a forum for relief. Appellants have made a single mention in their Brief that a stipulation to waive the statute of limitations defense has been offered to the Shears. However, the record is completely devoid of any such offer. Accordingly, the trial

court did not abuse its discretion in refusing to dismiss the action as the prejudice to the Shears resulting from the expiration of the statute of limitations remains. *Plum, supra; Miller, supra; Daugherty, supra; White, supra; Norman, supra.*

Notwithstanding, even if the Appellants had offered a stipulation to accept service and waive the statute of limitations defense, we find that under the instant facts the trial court could, within its discretion, properly refuse to dismiss the action. *Petty, supra; Brown, supra; Hosiery, supra; Plum, supra.*

Order affirmed.