**Endre v. Trump Marina**

*David A. Rosenbaum* and *Jeffrey M. Rosenbaum,* for plaintiffs.

*Walter Timby Jr.* and *Robert B. Lawler,* for defendant.

DEMBE, *J.,* July 22, 1999—This is an appeal from the lower court's order of May 3, 1999, granting defendant Trump Marina's motion for forum non conveniens and dismissing the action from Philadelphia County to be refiled in a more convenient forum. For the following reasons, the order of the lower court should be affirmed.

The scope of review on appeal from a grant of forum non conveniens is one of abuse of discretion. *Walker v. Ohio River Co.,* 416 Pa. 149, 205 A.2d 43 (1964); *Ernest v. Fox Pool Corp.,* 341 Pa. Super. 71, 491 A.2d 154 (1985); *Hosiery Corporation of America Inc. v. Rich,* 327 Pa. Super. 472, 476 A.2d 50 (1984); *Fox v. Pennsylva-*

*nia Power & Light Co.,* 315 Pa. Super 79, 461 A.2d 805 (1983); *Daugherty v. Inland Tugs Co.,* 240 Pa. Super. 527, 359 A.2d 465 (1976). The trial judge, as per Rule 1006(d)(1), Pa.R.C.P., has broad discretion in determining whether or not to grant a petition for change of venue and must "find that transfer is more convenient for *both* parties to the action or for the witnesses." *Rubin v. Lehman,* 443 Pa. Super. 1, 6, 660 A.2d 636, 639 (1995). (emphasis in original) In addition, "[a] change of venue 'is not granted lightly or without real necessity' . . . and the applicant bears the burden of proving that the change of venue is necessary." *Pennsylvania Power & Light Co. v. Gulf Oil,* 270 Pa. Super. 514, 529, 411 A.2d 1203, 1211 (1979).

The following facts are not in dispute. The plaintiff, Connie Endre, suffered injuries after tripping over a vacuum cleaner cord in a casino owned by the defendant and located in Atlantic City, New Jersey. Plaintiff's medical treatment occurred in New Jersey. In addition, the plaintiff is domiciled and works in New Jersey. The defendant, Trump Marina, is a New Jersey corporation with offices in Trenton, Mercer County and their principal place of business is Atlantic City, New Jersey. The only connection that this case has to Philadelphia County is that the defendant regularly conducts business in Philadelphia. The defendant does not argue that Philadelphia is an improper forum or lacks personal jurisdiction over them, but that Philadelphia is an inconvenient forum.

The plaintiff, Ms. Endre, filed suit in the County of Philadelphia alleging that under the above facts she was legally entitled to damages. The defendant filed a peti-

tion, pursuant to 42 Pa.C.S. §5322(e), to dismiss the action on forum non conveniens grounds and accusing the plaintiff of "forum shopping" by filing suit in Philadelphia County. This assertion is based on the fact that both parties are from New Jersey, all of the witnesses work and/or live in New Jersey, and the accident in question occurred in the State of New Jersey. The lower court agreed with the defendant and granted an order dismissing the action to be refiled in a more convenient forum.

The law in this Commonwealth is that two general factors are to be considered in determining whether a suit should be dismissed for refiling in another jurisdiction under forum non conveniens. "(1) a plaintiff's choice of the place of suit will not be disturbed except for weighty reasons, and (2) no action will be dismissed unless an alternative forum is available to the plaintiff." *Beatrice Foods Co. v. Proctor & Schwartz,* 309 Pa. Super. 351, 359, 455 A.2d 646, 651(1982). In this Commonwealth, a defendant's efforts in establishing the "weighty reasons" necessary for a forum non conveniens transfer have followed the precedent of such actions at the federal level. The court in *Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 158 (3d Cir. 1980) stated that "Pennsylvania cases dealing with forum non conveniens have mirrored federal law in all essential aspects." These federal cases require that the defendant clearly produce facts that "(1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems." *Koster v. American*

*Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 524 (1947). In this case, the defendant has shown the action to be inconvenient not only for themselves, but for the plaintiff as well. This lends weight to the defendant's allegation that the plaintiff is engaging in "forum shopping" since the forum is inconvenient for the plaintiff as well.

Next, the court must weigh both the private and the public interests involved. *Shears v. Rigley,* 424 Pa. Super. 559, 565, 623 A.2d 821, 824 (1993). The private interest to be considered center around making the trial expedient and inexpensive. *Id.* In this case, pretrial preparation would have to be conducted in New Jersey and then once the trial began all of the witnesses would have to be brought in from New Jersey, both parties would have to travel from New Jersey each day, and the jury might have to be transported from Philadelphia to New Jersey in order to view the scene of the accident. The public interests to be considered include creating court congestion in Philadelphia County's already crowded docket, imposing jury duty on citizens of Philadelphia County for an incident that occurred in another state, and choice of law problems. By allowing this action to be tried in Philadelphia County, the docket will be burdened by a case that has no connection to Philadelphia other than the defendant conducting some unrelated business in the county. Further, citizens of Philadelphia would be subjected to jury duty in an action where neither the plaintiff nor defendant are taxpaying citizens of the Commonwealth. More importantly, Philadelphia County courts would be obligated to conduct this trial under New

Jersey state law because New Jersey has a greater interest in the application of its law to this action. "The contacts considered vital in determining the state of most significant relationship include the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation, place of business of the parties; and the place where the relationship between the parties is centered." *Griffith v. United Air Lines Inc.,* 416 Pa. 1, 203 A.2d 796 (1964), citing Restatement (Second) Conflict of Laws 146, comment c. Because New Jersey pertains to each of these factors, the law of New Jersey would apply in this case.

Finally, 42 Pa.C.S. §5322(e) rather than providing for an intra-jurisdictional transfer between counties, allows for the termination of litigation in this Commonwealth. Therefore dismissal is proper under the statute and "because our courts lack the authority to transfer matters to courts of our sister states," this makes dismissal of the action the only permissible result. *Shears v. Rigley,* 424 Pa. Super. 559, 563, 623 A.2d 821, 823 (1993), citing *Alford v. Philadelphia Coca-Cola Bottling Co.,* 366 Pa. Super. 510, 513, 531 A.2d 792, 794 (1987). An action should not however be dismissed, no matter how inappropriate the forum, if the defendant cannot be subject to jurisdiction in other states. *German v. AC & S Inc.,* 430 Pa. Super. 497, 513, 635 A.2d 159, 167 (1993), citing *Rini v. New York Central R.R. Co.,* 429 Pa. 235, 239, 240 A.2d 372, 373-74 (1968). This is also true if the plaintiff's cause of action would be barred by the statute of limitations in another jurisdiction "unless the court is

willing to accept defendant's stipulation that he will not raise this defense in the second state." *Id.* An alternative forum does exist in the State of New Jersey. The defendant, in his petition for dismissal, agreed to waive any statute of limitations defense if the case is refiled in New Jersey and the plaintiff will not be barred from doing so until March of 2002.

In light of the evidence presented, the defendant has met its burden of demonstrating that Philadelphia County would be an inconvenient forum for this action. Therefore, the order of the lower court should be affirmed.