I must respectfully dissent.
The main opinion dismisses the concerns of William Earl Malsch and Andrew Stuart Leyda over the prospect of a bar in the California court, the alternative forum invoked by Bell Helicopter's motion made pursuant to § 6-5-430, Ala. Code 1975, based on Bell Helicopter's assertion of the defense of the statute of limitations in that forum. The main opinion concludes that these concerns are insufficient to establish that the trial court exceeded its discretion in failing to condition the dismissal of the action on Bell Helicopter's waiver of the statute-of-limitations defense. The main opinion relies on considerations that are fairly characterized as nothing more than surmise[5] and trust[6] to reach its conclusion *Page 607 
that Malsch and Leyda will ultimately prevail on an appeal by Bell Helicopter of the California Superior Court's rejection of its statute-of-limitations defense.
Our caselaw, as does § 6-5-430,[7] requires a showing of the existence of an alternative forum before an action can be dismissed on the ground of forum non conveniens. See Ex parteGeneral Nutrition Corp., 855 So.2d 475, 479 (Ala. 2003) ("`Next, the party seeking dismissal must show that an alternative forum exists. Piper Aircraft Co. v. Reyno, 454 U.S. 235,102 S.Ct. 252, 70 L.Ed.2d 419 (1981).'" (quoting Ex parte Preston HoodChevrolet, Inc., 638 So.2d 842, 845 (Ala. 1994))). While I have found no Alabama case dealing with the precise question of whether the trial court must condition a transfer based on forumnon conveniens on a waiver of the statute-of-limitations defense, the main opinion's conclusion that in failing to do so the trial court is not exceeding its discretion appears out of step with the mainstream of jurisprudence on the subject.
The Restatement (Second) of Conflict of Laws § 84 (1969) provides: "A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the actionprovided that a more appropriate forum is available to theplaintiff." (Emphasis added.) Comment c. to Sec. 84 provides:
 "[T]he action will not be dismissed unless a suitable alternative forum is available to the plaintiff. Because of [this] factor, the suit will be entertained, no matter how inappropriate the forum may be, if the defendant cannot be subjected to jurisdiction in other states. The same would be true if plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept the defendant's stipulation that he will not raise this defense in the second state."
(Emphasis added.) That portion of the Restatement was cited with approval in Shears v. Rigley, 424 Pa.Super. 559, 568,623 A.2d 821, 826 (1993).
A partial listing of other authorities includes the following:Kawasaki Motors Corp. v. Foster, 899 So.2d 408, 411
(Fla.Dist.Ct.App. 2005):
 "Moreover, the Record reflects that Kawasaki agreed to subject itself to the jurisdiction of Jamaica or Illinois, waiving any statute of limitation defense it may have in Jamaica or Illinois. For these reasons, we find that Jamaica or Illinois are adequate alternate forums."
Jones v. Prince George's County, 378 Md. 98, 121, 835 A.2d 632,646 (2003):
 "As this Court held in Johnson v. Searle, [314 Md. 521, 523, 552 A.2d 29, 30 (1989)], `a circuit court abuses its discretion by unconditionally dismissing actions on the ground of forum non conveniens when the statute of limitations has likely run in the alternative forum.' This was clearly not an appropriate case for applying the doctrine of forum non conveniens." *Page 608 
(Emphasis added.) Kennecott Holdings Corp. v. Liberty Mut. Ins.Co., 578 N.W.2d 358, 361-62 (Minn. 1998):
 "Turning now to the conditions of dismissal, we are forcefully instructed by the policy we enunciated in Bergquist [v. Medtronic, Inc., 379 N.W.2d 508
(Minn. 1986),] that at a minimum plaintiff's procedural rights accruing as a result of having chosen Minnesota as its filing forum should not be lost by dismissal on the basis of forum non conveniens — an equitable principal based largely on the convenience of the parties and other considerations that in no way reflect on the right of the plaintiff to choose Minnesota as its forum for litigation. Although application of the forum non conveniens doctrine will rarely be conditioned on protecting a plaintiff from a change in the substantive law where those rights might be different in the alternative forum, with respect to the statute of limitations and other procedural law, we hold that a dismissal based on forum non conveniens must be conditioned on the preservation of the benefits of those laws as were applicable in Minnesota. Procedural rights of a party should not yield to convenience."
(Emphasis added; footnote omitted.) Marchman v. NCNB Texas Nat'lBank, 120 N.M. 74, 89, 898 P.2d 709, 724 (1995):
 "Professor Casad notes in his treatise on jurisdiction that courts commonly take action to ensure that an alternative forum is actually available to the parties: `To protect the plaintiff against the running of the statute of limitations and against having to counter jurisdictional objections in the new court, the order of dismissal usually is conditioned upon the defendant's waiving those defenses.' 1 Robert C. Casad, [Jurisdiction in Civil Actions] § 1.04, at 1-28 [(2d ed. 1991)]; see also
[Fleming] James [, Jr.] [Geoffrey C.] Hazard [, Jr., Civil Procedure], § 2.31, at 105 [(3d ed. 1985)] (`If the court dismisses for forum non conveniens, it may condition the dismissal on the defendant's agreeing to submit to jurisdiction in the more convenient forum, to waive a statute of limitations defense when the new action is brought, and similar equitable considerations.'); Mizokami Bros. of Ariz., Inc. v. Mobay Chem. Corp., 660 F.2d 712, 719 (8th Cir. 1981) (setting conditions for conditional dismissal); Mills v. Aetna Fire Underwriters Ins. Co., 511 A.2d 8, 12-16 (D.C. 1986) (discussing use of conditional dismissal to ensure availability of alternative forum)."
(Emphasis added.) Farley v. McDonnell Douglas Truck Servs.,Inc., 432 Pa.Super. 456, 462-63, 638 A.2d 1027, 1030 (1994):
 "[O]ne of the most important factors in determining whether a dismissal on ground of forum non conveniens is appropriate is whether an alternative forum is available to the plaintiff. Plum v. Tampax, Inc., [399 Pa. 553, 160 A.2d 549 (1960)]. See also Shears v. Rigley, [424 Pa.Super. 559, 623 A.2d 821
(1993)]; Cinousis v. Hechinger Dep't Store, [406 Pa.Super. 500, 594 A.2d 731 (1991)]; Miller v. Gay, 323 Pa.Super. 466, 470 A.2d 1353 (1983). The Pennsylvania Supreme Court in Plum v. Tampax, Inc., supra, stated:
 "`[an] action will not be dismissed in any event unless an alternative forum is available to the plaintiff. Because of the second factor, the suit will be entertained, no matter how appropriate the forum may be, if defendant cannot be subjected to jurisdiction in other states. The same will be true if plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept defendant's stipulation that *Page 609 
he will not raise this defense in the second state.'"
I am not persuaded by the reliance in the main opinion upon the presence of the word "may" in § 6-5-430 (a dismissal on forumnon conveniens grounds "may be conditioned upon the defendant or defendants filing with the court a consent . . . to waive any defense based upon a statute of limitations" (emphasis added)). If the Legislature had used the alternative "shall," as the main opinion would apparently require in order to find that the trial court exceeded its discretion, then the waiver of any defense of limitations would be required in all cases, even those where the statute of limitations in the more appropriate forum is not a factor by reason of the availability of ample time in which to commence an action in the alternative forum. However, if the statute read "shall," thereby making the conditioning language mandatory even when not necessary, the plaintiff could take as long as he saw fit before commencing the action in the more appropriate forum, and he would be immune from the defense of limitations. Of course, such a result would be unreasonable; hence, the legislative choice of "may." I would therefore read "may" as providing the trial court with the authority, ifnecessary, to condition the granting of a motion to dismiss on the basis of forum non conveniens on the waiver of the defense of the statute of limitations. Such a practical reading of ostensibly permissive words in a statute is consistent with our precedent.[8]
We are therefore left with the question of the necessity of the condition. The statute speaks unqualifiedly of the existence of a more appropriate forum outside this State. The main opinion is content to conclude that a forum "exists" in California, relying on what I consider to be surmise and trust concerning what the California appellate system might do after Malsch and Leyda have expended the resources to brief and argue the case. Of course, if Bell Helicopter prevails, the alternative forum simply will not exist, the Alabama action will have been long since dismissed, and this Court will be powerless to rectify the injustice of that result. I would replace surmise and trust with absolute certainty.
I frankly find it offensive for a party to urge to an Alabama court the existence of an alternative forum, namely California, and yet to refuse to relinquish the defense of the statute of limitations in the California forum. Such acrobatic posturing violates the following equitable principle: "Thou shalt not have it both ways." As the English Court of Exchequer in Cave v.Mills, 7 H. W. 927, 31 L.J. Ex. 265 (1862), put it: "A man shall not be allowed to blow hot and cold, to claim at one time and deny at another." Whether the California court will be equally offended is a matter over which we have absolutely no authority; the dicta in the main opinion, at best a moral victory for Malsch and Leyda that will be cold comfort if our guess, albeit educated, is wrong, notwithstanding. However, the Legislature in § 6-5-430 has conferred on an Alabama court authority *Page 610 
for precisely the occasion as is here presented. Nevertheless, the main opinion has construed the statute as consistent with a legislative intent that a defendant could show a more appropriate forum exists outside this state even though there is the possibility that an action in the other state might ultimately be barred by that state's statute of limitations.
I consider it consistent with legislative intent to require Bell Helicopter, if it invokes § 6-5-430 and thereby seeks the dismissal of the Alabama action, to eliminate altogether, no matter how slight, Malsch and Leyda's risk of being barred by the statute of limitations in California. I therefore would hold that the trial court exceeded its discretion by failing to require such a waiver before dismissing the action against Bell Helicopter. I must therefore respectfully dissent.
SMITH, J., concurs.
[5] "Accordingly, we may conclude that the court saw no `controlling question of law as to which there are substantial grounds for difference of opinion.'" 916 So.2d at 603.
[6] "A California appellate court is certainly entitled to consider the procedural history of this case in Alabama, along with the relevant caselaw relating to the doctrine of judicial estoppel in its own state, were Bell to continue to assert, in the face of Aguilar [v. Lerner, 32 Cal.4th 974,12 Cal.Rptr.3d 287 (2004)], that the action is time-barred in California." 916 So.2d 605 n. 4.
[7] "[A]nd provided further that, if upon motion of any defendant it is shown that there exists a more appropriate forumoutside this state, taking into account the location where the acts giving rise to the action occurred, the convenience of the parties and witnesses, and the interests of justice, the court must dismiss the action without prejudice." (Emphasis added.)
[8] See Judge Sayre's opinion in Conecuh County v. Carter,220 Ala. 668, 669, 126 So. 132, 132-133 (1930) ("It has so often been decided as to have become an axiom of statutory construction that, where the authority is conferred to do something for the public good or the advancement of justice, compulsory force will be given the statute, notwithstanding the use of permissive words."). In determining whether a statute is mandatory or directory, it is the legislative intent, rather than the use of supposed words of art such as "shall," "may," or "must," that ultimately controls. Mobile County Republican Executive Comm. v.Mandeville, 363 So.2d 754, 757 (Ala. 1978).