J.A31046/13

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAUL R. BLACK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| | : | |
| CSX TRANSPORTATION, INC., | : | |
| | : | |
| Appellant | : | |
| | : | No. 3058 EDA 2012 |

Appeal from the Order Entered September 4, 2012
In the Court of Common Pleas of Philadelphia County
Civil Division No(s).: January Term, 2012, No. 1897

BEFORE: BENDER, P.J., LAZARUS, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED AUGUST 12, 2014**

Appellant, CSX Transportation, Inc., a Virginia corporation, appeals from the order entered in the Philadelphia County Court of Common Pleas in favor of Appellee, Paul R. Black, a Kentucky resident allegedly injured in Kentucky. The order denied Appellant's motion to dismiss Appellee's Federal Employers' Liability Act[1] ("FELA") action on the basis of interstate *forum non conveniens*. This is an interlocutory appeal by permission. We vacate and remand to have the trial court address all of the relevant factors for interstate *forum non conveniens*.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 45 U.S.C. §§ 51-60.

We adopt the facts and procedural history set forth by the trial court's opinion.[2]  **See** Trial Ct. Op., 4/24/13, at 1-3.  On July 18, 2012, the trial court denied Appellant's motion to dismiss.  On August 15, 2012, Appellant filed a motion for reconsideration, which the court denied on September 5, 2012.  On October 3, 2012, Appellant filed a petition for review with this Court, which we granted on November 13, 2012.  **See generally** Pa.R.A.P. 1513.  The trial court did not order Appellant to comply with Pa.R.A.P. 1925(b), but filed a Pa.R.A.P. 1925(a) decision.

Appellant raises the following issues:

> Whether Pennsylvania courts may give heightened deference to a plaintiff's choice of forum in applying the doctrine of *forum non conveniens* in a FELA case.
>
> Whether the requisite "weighty" reasons for dismissal under the doctrine of *forum non conveniens* exist when an out-of-state plaintiff who had no connection to Pennsylvania sues an out-of-state defendant to recover for injuries allegedly suffered outside of Pennsylvania and all known witnesses reside outside of Pennsylvania.

Appellant's Brief at 2-3.

We summarize Appellant's arguments for its first two issues. Appellant argues the trial court failed to heed the edict of **Missouri ex rel. S. Ry. v. Mayfield**, 340 U.S. 1 (1950), and thus improperly gave

---

[2] For purposes of our disposition, given the procedural posture, we view the facts in the light most favorable to Appellee.  We acknowledge that the trial court's opinion did not consistently reference the docketing dates of various pleadings.

heightened deference to Appellee's selection of Pennsylvania as his forum. Appellant contends that dismissal is warranted because Appellee, a Kentucky resident purportedly exposed to asbestos in Kentucky, has no connection with Pennsylvania. Appellant observes that all witnesses are located in Kentucky. For the reasons set forth below, we vacate the order and remand for further proceedings.

We review a trial court's decision dismissing an action on the basis of interstate *forum non conveniens* for an abuse of discretion.[3] *See Jessop v. ACF Indus., LLC*, 859 A.2d 801, 803 (Pa. Super. 2004). To establish an abuse of discretion,

> it is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power. If there is any basis for the . . . decision, the decision must stand.

*In re Mackarus' Estate*, 246 A.2d 661, 666-67 (Pa. 1968) (citation and footnote omitted); *Brown v. Del. Valley Transplant Program*, 538 A.2d 889, 891-92 (Pa. Super. 1988) (affirming intrastate transfer because record substantiated trial court's findings).

---

[3] An order dismissing for *forum non conveniens* "may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981) (citations omitted).

In ***Shears v. Rigley***, 623 A.2d 821 (Pa. Super. 1993),[4] this Court distinguished between **intrastate** and **interstate** *forum non conveniens*:

> A [42 Pa.C.S. §] 5322(e) dismissal [for **interstate** *forum non conveniens*] terminates the litigation in the courts of this Commonwealth unlike the intra-jurisdictional transfer between counties embodied under Pennsylvania Rule of Civil Procedure 1006(d). Rule 1006(d)(1) provides in relevant part:
>
>> For the convenience of the parties and witnesses the court upon petition from any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.
>
> Pa.R.C.P. 1006(d)(1). Because our courts lack the authority to transfer matters to courts of our sister states, dismissal of the action is the only permissible result. ***Alford v. Phil. Coca-Cola Bottling***, 366 Pa. Super. 510, 513, 531 A.2d 792, 794 (1987). Section 5322(e) of the Judicial Code provides as follows:
>
>> When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.
>
> 42 Pa.C.S.A. § 5322(e). Regardless of the differences between a transfer of venue under Rule 1006 and dismissal under section 5322, both remedies are derivative of the common law doctrine of *forum non conveniens*. ***Alford***, ***supra***; . . . . This court has recognized that the application of the principles of the doctrine of *forum non*

---

[4] Unlike **intrastate** *forum non conveniens*, which involves the application of Pa.R.C.P. 1006, few Pennsylvania cases discuss **interstate** *forum non conveniens*, which invokes 42 Pa.C.S. § 5322(e). Our research revealed no Supreme Court jurisprudence interpreting Section 5322(e). ***Accord Humes v. Eckerd Corp.***, 807 A.2d 290, 292 n.4 (Pa. Super. 2002).

> *conveniens* in both intrastate and interstate cases serves
> the same essential purpose:
>
>> It provides the court with a means of looking
>> beyond technical considerations such as
>> jurisdiction and venue to determine whether
>> litigation in the plaintiff's chosen forum would
>> serve the interests of justice under the
>> particular circumstances.
>
> **Alford**, 366 Pa. Super. at 513, 531 A.2d at 794. As such,
> those decisions addressing the application of the doctrine
> equally apply to dismissal of the instant action pursuant to
> section 5322. **Id.**

**Shears**, 623 A.2d at 823-24 (some citations omitted). Further, application of the *forum non conveniens* doctrine in an interstate context solves the "problem . . . that plaintiffs may bring the suit in an inconvenient forum in the hope that they will secure easier or larger recoveries or so add to the costs of the defense that the defendant will take a default judgment or compromise for a larger sum." **Norman v. Norfolk & W. Ry. Co.**, 323 A.2d 850, 854 (Pa. Super. 1974).

In ascertaining whether to grant Section 5322(e) relief, a trial court must evaluate various factors. **Shears**, 623 A.2d at 824-25; **see Plum v. Tampax, Inc.**, 160 A.2d 549, 553 (Pa. 1960) (construing international—*i.e.*, **interstate**—*forum non conveniens* doctrine prior to enactment of Section 5322(e)).[5]

---

[5] Our Supreme Court has consistently employed the public and private factor test in evaluating whether the trial court abused its discretion regarding interstate *forum non conveniens*. **Accord Rini v. N.Y. Cent. R.R.**, 240 A.2d

> The two most important factors look to the court's retention of the case. They are (1) that since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons, and (2) that the action will not be dismissed in any event unless an alternative forum is available to the plaintiff. Because of the second factor, the suit will be entertained, no matter how inappropriate the forum may be, if defendant cannot be subjected to jurisdiction in other states. The same will be true if plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept defendant's stipulation that he will not raise this defense in the second state.

**Plum**, 160 A.2d at 553 (quotation marks and citation omitted); **accord Rini**, 240 A.2d at 373-74 (applying **Plum** factors in FELA case and according no special deference to, *inter alia*, Ohio plaintiffs).[6]

With respect to the initial factor, "a court may find that the presumption in favor of a plaintiff's choice of forum may be less stringently considered when the plaintiff has chosen a foreign forum to litigate his or her claims." **Aerospace Fin. Leasing, Inc. v. New Hampshire Ins. Co.**, 696 A.2d 810, 814 (Pa. Super. 1997) (citing **Piper Aircraft Co.**, **supra**, in

---

372, 373-74 (Pa. 1968) (plurality) (employing **Plum** factors in interstate *forum non conveniens* case).

[6] **Rini** addressed three lawsuits filed in Allegheny County: two involved Ohio plaintiffs and one involved a Pennsylvania plaintiff. **Rini**, 240 A.2d at 373. In affirming the dismissal of all three cases on the basis of *forum non conveniens*, the **Rini** Court opined that "the cause of action arose outside of the Commonwealth of Pennsylvania; [n]either the plaintiffs nor any of the witnesses reside in or have any connection with Allegheny County, nor are the witnesses within subpoena range of the Court of Common Pleas of Allegheny County." **Id.** at 374.

resolving international, *i.e.*, **interstate**, *forum non conveniens* issue). "[W]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable." ***Id.*** (quotation marks and citation omitted).

> The remaining factors can best be grouped under the two principal interest [sic] involved: those of the parties and those of the public. . . .
>
> If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial. . . .
>
> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is an appropriateness, too, in having the trial . . . in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.
>
> These two sets of factors are not mutually exclusive but rather supplement each other.

*Plum*, 160 A.2d at 553 (quotation marks and citation omitted); *accord Jessop*, 859 A.2d at 803-04 (affirming dismissal for *forum non conveniens* because Kansas was more appropriate forum).

The *Plum* Court's reference to "practical [considerations] that make trial of a case easy, expeditious and inexpensive" include whether discovery has been substantially completed and the state of pre-trial preparation. *See Wright v. Aventis Pasteur, Inc.*, 905 A.2d 544, 552 (Pa. Super. 2006) (reversing dismissal for *forum non conveniens* because, *inter alia*, discovery was substantially complete); *D'Alterio v. New Jersey Transit Rail Operations, Inc.*, 845 A.2d 850, 854 (Pa. Super. 2004) (reversing grant of *forum non conveniens* motion because, among other reasons, pre-trial preparation was complete). Substantial completion of discovery, however, may be outweighed by a finding that discovery could be used in a new forum. *Jessop*, 859 A.2d at 805. Timing of the motion to change venue may be a salient factor. *Beatrice Foods Co. v. Proctor & Schwartz, Inc.*, 455 A.2d 646, 650 (Pa. Super. 1982). The trial court is barred from considering whether "the plaintiff's chosen forum is oppressive or vexatious to the defendant" when considering interstate *forum non conveniens*. *Humes*, 807 A.2d at 292 (citation omitted), 295. The trial court must also "make a finding as to the availability of other forums." *Plum*, 160 A.2d at 554.

Instantly, with respect to the two important *Plum* factors, we initially observe that although the trial court ordinarily gives great deference to Appellee's choice of forum, Appellee—a resident of Kentucky—has chosen Pennsylvania, a foreign forum, to litigate his claims against Appellant—a Virginia corporation. *See Plum*, 160 A.2d at 553; *Aerospace Fin. Leasing*, 696 A.2d at 814. Thus, the instant trial court should give less deference to Appellee's choice of Pennsylvania as a forum because of his foreign, *i.e.*, Kentucky, residence. *See Aerospace Fin. Leasing*, 696 A.2d at 814; *accord Piper Aircraft*, 454 U.S. at 256. Regarding the second *Plum* factor, the trial court failed to discuss the availability of any available alternate forums, including the applicable statutes of limitations, if any. *See Plum*, 160 A.2d at 553.

We next address the private interest factors. The trial court acknowledges that relevant witnesses and other sources of proof are in Kentucky. Trial Ct. Op. at 4. The court also acknowledges that Appellant conducts business in Philadelphia. *Id.* The court, however, failed to address the availability of compulsory process, cost of obtaining attendance of willing witnesses, relevance of viewing of the premises, if any, "and all other practical problems that make trial of a case easy, expeditious and inexpensive." *See Plum*, 160 A.2d at 553. Appellee does not contend discovery was substantially complete, the case was ready for trial, or that

Appellant untimely filed the underlying motion. ***See, e.g.***, ***Wright***, 905 A.2d at 552; ***D'Alterio***, 845 A.2d at 854; ***Beatrice Foods***, 455 A.2d at 650.

Because the trial court did not weigh all the pertinent factors, including Appellee's foreign, *i.e.*, Kentucky, status, **see Aerospace Fin. Leasing**, 696 A.2d at 814, the trial court did not properly exercise its discretion. ***See Piper Aircraft***, 454 U.S. at 257; ***Plum***, 160 A.2d at 553. Accordingly, having discerned an error of law, we remand for the trial court to discuss and weigh all the relevant interstate *forum non conveniens* factors. ***See*** 42 Pa.C.S. § 5322(e); ***Jessop***, 859 A.2d at 803.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/12/2014

- 10 -

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | |
|---|---|
| PAUL R. BLACK and CHARLOTTE J. BLACK, Husband and Wife,<br><br>Plaintiffs<br><br>v.<br><br>CSX TRANSPORTATION INC., as successor to Louisville & Nashville Railroad (a/k/a L&N Railroad),<br><br>Defendant | January Term, 2012<br>No. 1897<br><br><br>Superior Court No.<br>3058 EDA 2012 |

## OPINION

Sandra Mazer Moss, J.                                                        April 24, 2013

Defendant CSX Transportation's ("CSX") appeals this Court's Order, dated July 17, 2012, denying Defendant's Motion to Dismiss based on *forum non conveniens* pursuant to 42 Pa. C.S. § 5322. For the following reasons, Our Order should be affirmed.

## I.    BACKGROUND

On January 17, 2012, Plaintiffs Paul R. Black and Charlotte J. Black (husband and wife) commenced this personal injury action under the Federal Employers' Liability Act (FELA), 45 U.S.C.A. §§ 51 *et seq.*, against CSX. Plaintiffs allege Mr. Black contracted lung cancer from asbestos exposure working as a laborer with Defendant's predecessor, Louisville & Nashville Railroad ("L & N"), between 1950 and 1982. Plaintiffs allege, and Defendant does not apparently dispute, it is a railroad corporation conducting business as an interstate common carrier in Philadelphia, among other places.

Black Elal Vs Csx Transportation Inc. -OPFLD

1



12010189700036

On March 5, 2012, Defendant filed a Motion to Dismiss for *forum non con iens* pursuant to 42 Pa. C.S. § 5322. On May 8, 2012, Plaintiffs filed their Response.[1] On May 11, 2012, Defendant replied. On May 16, 2012, Plaintiffs filed a Sur-Reply. On July 17, 2012, We denied Defendant's Motion to Dismiss. *See* Order dated 7/17/12.

On August 15, 2012, Defendant filed a Motion for Reconsideration or, in the Alternative, Certification of Interlocutory Appeal pursuant to 42 Pa. C.S. § 702(b). On August 27, 2012, Plaintiffs responded. On September 1, 2012, Defendant replied. On September 4, 2012, We denied Defendant's Motion. *See* Order dated 9/4/12.

Defendant filed a Petition for Review and Answer in the Superior Court of Pennsylvania which was granted November 13, 2012. *See* Order dated 11/13/12.

Defendant argues Plaintiffs' case should be dismissed under Pennsylvania's *forum non conveniens* statute, 42 Pa. C.S. § 5322. Defendant argues Plaintiffs' case "has absolutely no connection to either Philadelphia County or the Commonwealth of Pennsylvania." (Def.'s Mot. to Dis., p. 2) Defendant emphasizes Mr. Black's testimony he has never been to Philadelphia and does not know anyone in Pennsylvania with information about his asbestos exposure or medical conditions. (Def.'s Mot. to Dis., p. 4) Defendant argues private and public interest considerations favor Defendant's preferred forum of Boone County, Kentucky, near where Mr. Black's alleged exposure occurred and where his medical providers and living coworkers live. (Def.'s Mot. to Dis., p. 2, 4-5) Defendant argues Pennsylvania courts have dismissed other FELA cases on similar grounds. (Def.'s Mot. for Recons.)

In response, Plaintiffs argue under FELA they have a substantial right to litigate in their chosen forum. (Pl.'s Resp. to Mot. for Recons.) Plaintiffs argue dismissal would be improper

---

[1] On March 20, 2012, We granted Defendant's Motion as unopposed, as Plaintiffs failed to file a timely Response. On April 27, 2012, upon consideration of Plaintiffs' Motion to Vacate dated March 28, 2012, We vacated Our March 20, 2012 Order and gave Plaintiffs leave to answer Defendants' Motion to Dismiss.

2

be⌐ ⌐se Defendant has not put forth "weighty reasons" for dismissal and has not establi⌐ ⌐ d its preferred forum is an appropriate alternative to Philadelphia, as required by our *forum non conveniens* law. (Pl.'s Resp. to Mot. to Dis.) Specifically, Plaintiffs stress Defendant does business in Philadelphia and would not be prejudiced by litigating here. (Pl.'s Resp. to Mot. to Dis.)

## II.     DISCUSSION

The decision to dismiss on *forum non conveniens* is within the trial court's discretion and will not be reversed absent an abuse of discretion. *Tyro Industries, Inc. v. James A. Wood, Inc.*, 418 Pa. Super. 296, 300 (1992). "If there is any basis for the trial court's decision, the ruling will not be disturbed." *Id.* at 300-01.

Section 5322 authorizes a trial court to dismiss "on any conditions that may be just" where "in the interest of substantial justice the matter should be heard in another forum." 42 Pa. C.S. §5322(e). "In deciding whether to dismiss a suit based on *forum non conveniens*, the court must consider two important factors (1) a plaintiff's choice of the place of suit will not be disturbed except for weighty reasons, and (2) no action will be dismissed unless an alternative forum is available to the plaintiff." *Jessop v. ACF Indus., LLC*, 2004 Pa. Super. 367, 4 (2004).

In determining whether there are "weighty reasons" to overcome a forum choice, trial courts must examine the private and public interests involved. *Id.*; *Poley v. Delmarva Power & Light Co.*, 2001 Pa. Super. 182, 4 (2001). Private interest factors include all practical considerations of expediency and trial expense (i.e., access to sources of proof; availability of compulsory attendance procedures; and cost of obtaining witnesses' attendance). *Jessop*, 2004 Pa. Super. 367 at 5. As to public interests, a court should consider whether dismissal would

3

cr e or avoid problems associated with: litigating in a congested forum outside the hon. .tate; imposing jury duty upon a community with no relation to the litigation; and/or requiring a court to apply another state's law. *Id.* When applying the foregoing factors, a court should not dismiss "unless justice strongly militates in favor of relegating the plaintiff to another forum." *Poley*, 2001 Pa. Super. 182 at 4.

A plaintiff's choice of forum receives particular deference in an FELA case. *Askew v. CSX Transp., Inc.*, 2008 U.S. Dist. LEXIS 72566 (E.D. Pa. Sept. 22, 2008); *Szabo v. CSX Transportation, Inc.*, 2006 U.S. Dist. LEXIS 3862 (E.D. Pa. Feb. 1, 2006) (citing *Boyd v. Grand Trunk Western R.R. Co.*, 338 U.S. 263, 266 (1959) (per curiam)). An FELA plaintiff's forum choice receives some deference regardless of residence or the underlying incident site. *Id.* at *4. FELA defendants cannot establish dismissal by merely showing their preferred forum is the "likely" location of relevant witnesses and documents. *Id.* at *6.

Accordingly, We begin with a strong presumption against dismissing Plaintiffs' case and conclude Defendant has not met its burden of overcoming this presumption.

Defendant's "private factors" analysis focuses on Mr. Black's relationship with Philadelphia County, the fact his alleged exposures occurred in Kentucky and Mr. Black's coworkers' and doctors' locations in Kentucky. (Def.'s Mot. to Dis. p. 4-5) As set forth above, Plaintiffs' residence and exposure sites are not dispositive, and Defendant must do more than merely show some witnesses and documents may be located in Kentucky. Defendant conducts business in Philadelphia and has failed to demonstrate any prejudice it will face litigating here. Defendant has also failed to show public interest factors outweigh the presumption favoring Plaintiffs' forum choice. Especially given this is an FELA action, in the exercise of discretion We denied Defendant's Motion based on *forum non conveniens*.

4

## II    CONCLUSION

For the foregoing reasons, this Court respectfully requests Our Order denying Defendant's Motion to Dismiss be affirmed.

BY THE COURT:

Sandra Mazer Moss, J.

5