Jose Roberto **BOLANOS**

v.

**GULF OIL CORPORATION.**

**Civ. A. No. 80–620.**

United States District Court, W. D. Pennsylvania.

Dec. 15, 1980.

---

John E. Bailey, Houston, Tex., Charles A. Boyce, Pittsburgh, Pa., for Bolanos.

Michael J. Knoeller, Milwaukee, Wis., C. William Berger, Pittsburgh, Pa., for Gulf Oil Corp.

## MEMORANDUM OPINION

KNOX, District Judge.

This action grows out of the arrest and conviction of the plaintiff, Jose Roberto Bolanos, a citizen of Guatemala, for the misappropriation of money and property of Gulf Petroleum (Gulfpet) and Petroleos Gulf de Guatemala (Petgulf). Plaintiff, who had been the Assistant General Manager of Petgulf, a Guatemalan corporation, and Martinez Aparicio, the former General Manager of Petgulf, were tried for 1) Diverting $416,828.16 of Petgulf funds to an unauthorized bank account; 2) selling real estate properties in Guatemala owned by Gulfpet, a Panamanian corporation, and withholding the proceeds from the company; 3) issuing an unauthorized check on a Petgulf account to Bolanos and donating property owned by Petgulf to capitalize a company owned by plaintiff and Aparicio jointly but stating in a sworn statement that the company was individually owned.

By a judgment dated April 14, 1980, a Guatemalan court convicted plaintiff and Aparicio of the crimes of misappropriation of money and property and perjury. Plaintiff received a sentence of twenty months in prison plus suspension of his political rights. Subsequent to the submission of briefs in this case, the convictions were reviewed by the Guatemalan Supreme Court and the convictions were upheld. The conviction, therefore, has now become final. Plaintiff is currently incarcerated in Guatemala.

As a result of the Guatemalan prosecution, plaintiff filed suit in this district against the parent corporation, Gulf Oil for malicious prosecution and abuse of process. Defendant has responded with a brief in support of a Motion to Dismiss or in the alternative Summary Judgment. Defendant vigorously contends that under the doctrine of Forum Non Conveniens dismissal is appropriate in this case. Defendant maintains that the plaintiff's remedy is to bring the action in a Guatemalan court under Guatemalan law. Plaintiff argues that the Supreme Court's discussion of the relevant considerations in passing on the appropriateness of a forum non conveniens dismissal in *Gulf Oil v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) dictate the opposite result. Bolanos contends that the Western District of Pennsylvania is the proper forum for this action and Pennsylvania substantive law should apply. In addition, it is suggested that relegating the plaintiff to bring his action in Guatemala is not a viable alternative because the Guatemalan courts are so procedurally deficient as to render any trial there fundamentally unfair.

This Court has carefully considered the issues generated by this very bitter battle. Although we are aware that great deference is to be accorded the plaintiff's choice of forum, *Shutte v. Armco Steel*, 431 F.2d 22, 25 (3d Cir. 1970), we believe that the unique facts of this case coupled with delicate questions of Comity suggest that the Western District of Pennsylvania is an "inappropriate and inconvenient forum". *De Mateos v. Texaco, Inc.*, 562 F.2d 895 (3d Cir. 1977). Our jurisdiction is based on diversity of citizenship.

As a preliminary matter, we note that this is not a case in which transfer pursuant to 28 U.S.C. § 1404(a) is appropriate. As stated in *De Mateos v. Texaco, Inc., supra*: "If two or more available forums are federal, 28 U.S.C. mitigates the possible harshness of the forum non conveniens rule by providing for transfer rather than dismissal. But where the other available forums are non-federal- state or foreign- the traditional forum non conveniens remedy of dismissal is appropriate." *Id.* at 899.

■ Venue for this action is proper in the Western District of Pennsylvania, the Southern District of Texas, and the Southern District of Florida pursuant to 28 U.S.C. § 1391(a). Nothing would be gained in terms of convenience by transferring this action to Texas or Florida. Indeed, if these forums were the only ones available, the Western District of Pennsylvania would be the most attractive since the defendant maintains its corporate headquarters in Pittsburgh. For reasons which we shall more fully develop, however, we believe that Guatemala is the only proper forum for this action and dismissal rather than transfer is appropriate.

In *Gulf Oil v. Gilbert, Supra,* outlined the factors which should be considered in a forum non conveniens dismissal:

"Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling witnesses; and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

\* \* \* \* \* \*

Factors of public interest also have a place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation ... There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in foreign law itself." *Id.* at 508–509, 67 S.Ct. at 843.

In the present action, the plaintiff is not a resident of Pennsylvania. Thus, the interest that a community has in providing a forum for its residents to litigate their differences is not a relevant consideration. *Papageorgiou v. Lloyds of London,* 436 F.Supp. 701 (E.D.Pa.1977). The pertinent events giving rise to this cause of action occurred in Guatemala. The misappropriation of funds and the subsequent conviction of plaintiff occurred wholly in Guatemala. In contrast, the only contact which the litigants have with this forum is the fact that the defendant maintains its corporate headquarters in Pittsburgh. Of special significance is the fact that the plaintiff and Aparicio are currently incarcerated in Guatemala. They would be unable to appear in this district and defendant would be deprived of the opportunity of cross examination. Moreover, many of the documents which were used in the prosecution of the plaintiff are in the possession of the Guatemalan courts. Securing these papers, most of which are in Spanish, for trial in this district could prove difficult if not impossible.

In *Schertenleib, v. Traum,* 589 F.2d 1156 (2d Cir. 1978), the court dealt with a case which closely parallels the present action. A Swiss citizen filed suit against the defendant in New York, the defendant's residence, for falsely filing charges of misappropriation of funds against him in Switzerland. In dismissing the action under forum non conveniens, the court noted:

"... Perhaps the most significant problem is presented by the inability to bring plaintiff and his co-conspirator here for live cross-examination before a factfinder, due to their incarceration in Switzerland ... Documents constituting neces-

692

sary evidence are for the most part located in Geneva. Since many are in files of Swiss banks, taxing authorities and courts, it may be impossible to obtain them for trial here." *Id.* 589 F.2d at 1165.

Under *Klaxon v. Stentor*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941) we must apply the conflict of laws rule of the forum state for purposes of resolving choice of law questions. In *Suchomajcz v. Hummel Chemical Co.*, 524 F.2d 19 (3d Cir. 1975), this circuit summarized the Pennsylvania choice of law rule for torts as follows. "We should apply the law of the predominately concerned jurisdiction, measuring the depth and breadth of that concern by the relevant contacts each affected jurisdiction had with the specific transaction." *Id.*, 524 F.2d at 23. The record before us strongly suggests that Guatemala is the "predominately concerned" jurisdiction as measured by the relevant contacts. The quality and quantity of those contacts clearly require an application of Guatemalan law. Plaintiff is a citizen of Guatemala. The actions which led to his arrest and conviction were taken while employed by a Guatemalan corporation. And that conviction was obtained in a Guatemalan court pursuant to Guatemalan law. As previously discussed, defendant does maintain its corporate offices in Pittsburgh and it appears that the decision to prosecute the plaintiff originated here and "filtered through the chain of command" eventually terminating in Guatemala. We agree with defendant, however, that while the decision to prosecute may have been reached in Pittsburgh, the "operative facts" upon which that decision was based were of Guatemalan origin.

In *De Mateos v. Texaco Inc., Supra*, the court affirmed the forum non conveniens dismissal of an action by an American citizen against a Panamanian corporation. The district court decision to dismiss the action had been based largely on the fact that American law would not apply. In affirming the dismissal, Judge Gibbons warned that ... "It is a variety of social jingoism which presumes that the 'liberal purposes' of American law must be export-

ed to wherever our multinational corporations are permitted to do business." *Id.*, 562 F.2d at 902.

The Restatement of Conflict of Laws § 155 (1971) addresses the choice of law question where a suit for malicious prosecution and abuse of process has been brought:

"The rights and liabilities of the parties for malicious prosecution or abuse of process are determined by the local of the state where the proceeding complained of occurred, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied."

See also *Simkins Indus., Inc. v. Fuld & Co.*, 392 F.Supp. 126 (E.D.Pa.1975). In view of Guatemala's strong interest and intimate involvement in events giving rise to this lawsuit, we believe that the application of Pennsylvania would run counter to the Pennsylvania choice of law rule and would represent a brand "social jingoism" similar to that discussed in *De Mateo, Supra.*

Defendant's insistence that the action go forward in this district under Pennsylvania law runs headon into the common law rule that an action for malicious prosecution and abuse of process may not be instituted by one who has not been of absolved of guilt. In addition, were we to retain jurisdiction, we would of necessity be forced to review a conviction obtained in a court of a sovereign state and affirmed by its highest court. The plaintiff cautions, however, that the Guatemalan judgment need not be accorded the Full Faith and Credit due the judgment of a court of sister state. In *Somportex Limited v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435 (3d Cir. 1971), the court analyzed the nature of comity as follows:

"Comity is a recognition which one nation extends within its own territory to the legislative, executive, or judicial acts of another. It is not a rule of law, but one of practice, convenience, and expediency. Although more than mere courtesy and

accomodation, comity does not achieve the force of imperative or obligation. Rather, it is a nation's expression of understanding which demonstrates due regard both to international duty and convenience and to the rights of persons protected by its own laws. Comity should be withheld only when its acceptance would be contrary or prejudicial to the interest of the nation called upon to give it effect." *Id.*, 453 F.2d at 440. Based upon the record in this case, we cannot say that the procedures employed in the Guatemalan courts and the judgment rendered therein, should not be respected by this court. We must be careful not to let our justifiable pride in the English common law system and the protections enjoyed under the United States Constitution obscure the fact that much of Western Europe and other South American countries besides Guatemala are firmly grounded in the Civil Law tradition. Although the plaintiff has objected strenuously to the lack of jury trial in Guatemala, the restraints on cross examination, and the fact that the judge relies on typewritten summaries of the testimony, we are not prepared to say that a fair hearing may not be had under those circumstances.

Finally, plaintiff notes that the defendant is currently withdrawing its operations from Guatemala and upon its departure he would be unable to obtain by process certain testimony and papers and satisfy any potential judgment against the defendant. These concerns are adequately answered by the fact that the defendant has agreed to make available to the plaintiff all relevant documents and witnesses. *Dahl v. United Technologies Corp.*, 632 F.2d 1027 (3d Cir. 1980). Moreover, a valid judgment obtained in a foreign nation will be recognized in the United States as far as the immediate parties are concerned. Restatement (Second) Conflict of Laws § 98 (1971); *Somportex Limited v. Philadelphia Chewing Gum Corp., Supra.*

We conclude, therefore, that in the interests of convenience, the effective administration of justice, and due regard for the final judgment of the court of a nation with whom we have friendly relations this action should be dismissed. If relations were not friendly, this matter would be referred to the State Department.