594 A.2d 731

**Rosina CINOUSIS and John Cinousis, H/W, Appellants,**

v.

**HECHINGER DEPARTMENT STORE, Appellee.**

Superior Court of Pennsylvania.

Argued May 22, 1991.

Filed Aug. 2, 1991.

Steven C. Forman, Philadelphia, for appellants.

Michael P. Zipfel, Philadelphia, for appellee.

Before WIEAND, BECK and HUDOCK, JJ.

WIEAND, Judge:

Rosina and John Cinousis, residents of New Jersey, filed a civil action in Philadelphia, Pennsylvania, to recover dam-

ages for injuries sustained by the wife-plaintiff when she fell in a Hechinger Department Store in Deptford, New Jersey. The defendant, Hechinger Department Store, is a Delaware corporation whose principal place of business is in Landover, Maryland. The defendant also operates stores in Pennsylvania, with at least one store in Philadelphia. Pursuant to 42 Pa.C.S. § 5322(e), the defendant moved to dismiss the action on grounds that Pennsylvania was an inconvenient forum. The trial court agreed and entered an order dismissing the action. Plaintiffs appealed.

The doctrine of forum non conveniens has been codified at 42 Pa.C.S. § 5322(e) as follows:

> **(e) Inconvenient forum.**—When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

*"Forum non conveniens* permits a court, exercising its discretion, to refuse to entertain a case even if jurisdictional requirements are met. Since the decision to dismiss is discretionary with the trial court, it is reversible only as an abuse of discretion." *Beatrice Foods Co. v. Proctor and Schwartz, Inc.,* 309 Pa.Super. 351, 359, 455 A.2d 646, 650 (1982). See also: *Rini v. New York Central Railroad Co.,* 429 Pa. 235, 238, 240 A.2d 372, 373 (1968) (plurality opinion); *Plum v. Tampax, Inc.,* 399 Pa. 553, 560, 160 A.2d 549, 553 (1960); *Daugherty v. Inland Tugs Co.,* 240 Pa.Super. 527, 531, 359 A.2d 465, 467 (1976). In this regard,

> [t]he supreme court has described the heavy burden facing the appellant from a discretionary trial court determination: "[I]t is not sufficient to persuade the appellate court that it might have reached a different conclusion if, in the first place, charged with the duty imposed on the court below; it is necessary to go further and show an abuse of the discretionary power." *Mackarus's Estate,* 431 Pa. 585, 596, 246 A.2d 661, 666–67 (1968), quoting

*Garrett's Estate*, 335 Pa. 287, 292–93, 6 A.2d 858, 860 (1939). If there is any basis for the trial court's decision, the decision must stand. *Id.*

*Brown v. Delaware Valley Transplant Program*, 371 Pa.Super. 583, 586, 538 A.2d 889, 891 (1988).

"It is well within the power of [a trial] court, in the interests of justice, to decline to exercise its jurisdiction where, upon consideration of the parties, the witnesses, the situs of the cause of action and other kindred reasons, the litigation can more appropriately be conducted in another forum." *Plum v. Tampax, Inc., supra,* 399 Pa. at 560, 160 A.2d at 552. See: *Koster v. (American) Lumbermens Mutual Casualty Co.,* 330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947) and *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). See also: *Alford v. Philadelphia Coca–Cola Bottling Co., Inc.,* 366 Pa.Super. 510, 513, 531 A.2d 792, 794 (1987) ("[S]ection 5322(e) applies when a tribunal of this jurisdiction determines that a tribunal in another jurisdiction would offer a more convenient and appropriate situs for the action."). The factors to be considered in making such a determination have been identified by our Supreme Court as follows:

"c. Factors to be considered. The two most important factors look to the court's retention of the case. They are (1) that since it is for the plaintiff to choose the place of suit, his choice of a forum should not be disturbed except for weighty reasons, and (2) that the action will not be dismissed in any event unless an alternative forum is available to the plaintiff. Because of the second factor, the suit will be entertained, no matter how inappropriate the forum may be, if defendant cannot be subjected to jurisdiction in other states. The same will be true if plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept defendant's stipulation that he will not raise this defense in the second state.

"The remaining factors can best be grouped under the two principal interests involved: those of the parties and those of the public. This has been done as follows by Mr.

Justice Jackson in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 [67 S.Ct. 839, 843, 91 L.Ed. 1055] (1947):

" 'If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to a fair trial.  * * *

" 'Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. There is an appropriateness, too, in having the trial * * * in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.'

"These two sets of factors are not mutually exclusive but rather supplement each other."

*Plum v. Tampax, Inc., supra,* 399 Pa. at 560–562, 160 A.2d at 553, quoting Comment to § 117(e) of Restatement, Second, Conflict of Laws. See also: *Rini v. New York Central Railroad Co., supra,* 429 Pa. at 238–240, 240 A.2d at 373–374; *Brown v. Delaware Valley Transplant Program, supra,* 371 Pa.Super. at 586–587, 538 A.2d at 891; *Petty v. Suburban General Hospital,* 363 Pa.Super. 277, 281–282, 525 A.2d 1230, 1232 (1987).

Applying these factors to the instant case, the trial court concluded that Pennsylvania was an inconvenient forum and

that appellant's cause of action would be more appropriately heard in New Jersey. The trial court found the following factors to be determinative:

> The plaintiffs are not residents of Pennsylvania. The pertinent events giving rise to the cause of action occurred outside of Pennsylvania. The relevant medical records of plaintiff's physician after the alleged accident are located outside of Pennsylvania. The known witnesses reside outside of Pennsylvania and any additional witnesses will most likely reside outside of Pennsylvania. Finally, the plaintiffs have another more convenient forum available to them in New Jersey.

We discern no abuse of discretion in the trial court's decision.

Because appellants are not residents of Pennsylvania, the interest of this Commonwealth in providing a forum for its residents to litigate their disputes is not implicated. See: *Bolanos v. Gulf Oil Corp.*, 502 F.Supp. 689, 691 (W.D.Pa. 1980), *aff'd*, 681 F.2d 804 (3d Cir.1982). The fact that the witnesses and documentary evidence are located in New Jersey make it potentially more difficult to try this case in Pennsylvania. Continued proceedings in Pennsylvania also offer the possibility of delay and increased costs in completing a trial. Additionally, because the events at issue in this case occurred in New Jersey, it is likely that the substantive rights of the parties will be determined according to New Jersey law. Under similar circumstances, it has been observed that:

> in view of the paucity of contacts that the instant litigation has with the Commonwealth of Pennsylvania, absent compelling reasons, appropriate weight should be given to the desirability of having a Pennsylvania judge interpret and apply the law of another jurisdiction to determine the respective rights and duties of the parties in question. The only discernible contact that this case has with Pennsylvania is the location of plaintiff's counsel, and we refuse to recognize this as a compelling consideration. In sum, the circumstances presented in the instant case

supply the "weighty reasons" necessary to disturb this plaintiff's choice of forum. *Westerby v. Johns–Manville Corp.*, 32 Pa.D & C.3d 163, 174–175 (Phila.Co.1982) (cited with approval in *Alford v. Philadelphia Coca–Cola Bottling Co., Inc., supra*). See also: *Daugherty v. Inland Tugs Co., supra* (trial court abused its discretion by refusing to dismiss lawsuit whose only contact with Pennsylvania was that plaintiff's expert witness resided there); *Norman v. Norfolk and Western Railway Co.*, 228 Pa.Super. 319, 323 A.2d 850 (1974) (same).

In view of the absence of any significant contact between appellant's cause of action and this Commonwealth, the need to apply the substantive law of New Jersey, and the significant backlog of cases which currently plagues the dockets of the Philadelphia court system, we hold that the trial court did not abuse its discretion when it dismissed appellant's action in the instant case.

Order affirmed.