J-A01032-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TAYYABA NWACHAN, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF ADONIS BLAIZE NWACHAN (MINOR DECEASED) AND ZAHKYLA TILLAR | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : | |
| v. | : : : : | No. 2269 EDA 2021 |
| HOMEGOODS, INC. | : | |

Appeal from the Order Entered October 12, 2021
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  200702156

BEFORE:  LAZARUS, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY LAZARUS, J.:                         **FILED APRIL 19, 2023**

Appellants, Tayyaba Nwachan, individually and as the administratrix of the Estate of Adonis Blaize Nwachan, deceased, and Zahkyla Tillar, appeal from the order, entered in the Court of Common Pleas of Philadelphia County, granting Appellee HomeGoods, Inc.'s (HomeGoods) motion to dismiss, without prejudice, and giving Appellants the opportunity to re-file in a court in the State of Delaware within twenty days.  After careful consideration, we affirm.

Appellants are residents of Newark, Delaware.  On December 29, 2019, their three-year-old son, Adonis, tragically died when the metal legs of a

folding tray table crushed Adonis' ribcage, causing him to asphyxiate.[1]  After unsuccessful attempts to revive the unresponsive toddler at Appellants' home, EMS transported Adonis to Christiana Hospital in Newark, Delaware, where he was later pronounced dead.

Appellants purchased the folding tray table[2] at a Newark, Delaware HomeGoods store.  HomeGoods is a Delaware corporation that has its principal place of business and headquarters located in Framingham, Massachusetts. HomeGoods is a wholly owned subsidiary of TJX Companies, Inc. (TJX).  TJX is a Delaware corporation with a registered office in Wilmington, Delaware, and its headquarters in Massachusetts.

TJX owns and operates retail stores throughout the United States, including HomeGoods, T.J. Maxx, and Homesense.  There are 131 TJX retail stores in the Commonwealth of Pennsylvania;[3] nine of those stores are located in Philadelphia County, with two of them being HomeGoods.[4]

---

[1] Appellant Tayyaba Nwachan found Adonis trapped in the legs of the table which compressed his chest and caused him to suffocate.

[2] Appellants' complaint alleges that the tray table was manufactured by a company in China.  Complaint, 7/30/20, at ¶ 14.

[3] There are 33 HomeGoods in Pennsylvania.  *See* https://www.scrapehero.com/location-reports/HomeGoods-USA/ (last visited 1/20/23), accounting for roughly 3.6% of all HomeGoods nationwide.  *See* https://www.homegoods.com/us/store/stores/allStores.jsp (last visited 2/22/23).

[4] Because HomeGoods conducts business in Pennsylvania, it is subject to general jurisdiction in Pennsylvania.  *See* 42 Pa.C.S.A. § 5322.

Appellants filed a strict product liability, negligence, and wrongful death[5] lawsuit in Philadelphia County against Appellee and TJX (collectively, Appellees) alleging the folding tray table was defective for being both top heavy and for failing to have a locking mechanism to prevent the table from collapsing and causing entrapment injuries or death. Complaint, 7/30/20, at 5. Appellees filed preliminary objections challenging personal jurisdiction. The court granted TJX's objections, but overruled HomeGoods' objections.

On September 10, 2021, HomeGoods filed a motion to dismiss, on the basis of *forum non conveniens*, claiming "the interests of substantial justice" required the court to dismiss the Pennsylvania action "in favor of a Delaware forum . . . where [HomeGoods] . . . does not have access to necessary evidence and witnesses in order to defend against Plaintiffs' allegations." Motion to Dismiss, 9/10/21, at ¶ 3-4. In addition, HomeGoods stipulated to submit to personal jurisdiction in Delaware courts, *id.* at ¶ 76, and also recognized that, as of the time it filed its motion to dismiss, "the statute of

---

[5] Appellants also brought a survival action, **see** 42 Pa.C.S.A. 8302, a negligent infliction of emotional distress claim, and sought punitive damages in their complaint. **See** Complaint, 7/30/20, at 13-16.

limitations[6] has not expired and Delaware[7] provides an alternative and appropriate forum for Plaintiffs' claims," and, thus, "no waiver of the statute of limitations is even required at this time."  Memorandum of Law in Support of Motion to Dismiss, 9/10/21, at 3, 6-8.  Nevertheless, HomeGoods stated in its memorandum of law in support of its motion, that it "would be willing, if necessary, to enable re-filing in Delaware, to stipulate to the tolling of the statute of limitations from the date that Plaintiff originally filed suit in Philadelphia."  *Id.* at 8.  Appellants filed a response.

On October 12, 2021, the court entered an order granting HomeGoods' motion to dismiss, concluding that "the public interest factors involved in hosting this litigation in Philadelphia dictated dismissal of the action."  Trial Court Opinion, 7/20/22, at 7-9.  On October 21, 2021, Appellants filed a

---

[6] The statute of limitations for "the death of an individual caused by the wrongful act or neglect . . . or negligence of another" is two years.  *See* 42 Pa.C.S.A. 5524(2).  Moreover, even though Decedent was a minor at the time of his death, because the wrongful death and survival actions were brought by his parents, the minority tolling statute, 42 Pa.C.S.A. § 5533(b), does not toll the running of the statute of limitations.  *See Holt v. Lenko*, 791 A.2d 1212 (Pa. Super. 2002) (nothing in section 5533 indicates legislature intended minority tolling statute would apply to deceased minor plaintiffs).

[7] Like Pennsylvania, Delaware has a two-year statute of limitations on personal injury/negligence and wrongful death actions.  *See* 10 De.C.A. §§ 8107, 8119.  There is no strict liability in Delaware for a defective product.  However, an action can be asserted against a manufacturer, wholesaler, and distributer for defective products under general negligence principles, breach of warranty, or failure to warn.

motion for reconsideration to which HomeGoods responded.[8]  On November 3, 2021, Appellants filed a timely notice of appeal.  On December 6, 2021, Appellant filed a timely, court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[9]

Appellants raises the following issues for our consideration:

(1)    Whether the trial court abused its discretion by dismissing Appellants' action for forum *non conveniens* when [HomeGoods] failed to establish, with evidence in the record, weighty reasons to justify negating Appellants' chosen forum[.[10]]

(2)    Whether the trial court lacked authority to order Appellants to refile their [c]omplaint in the State of Delaware[.]

Appellant's Brief, at 4.

"It is well within the power of [a trial] court, in the interests of justice, to decline to exercise its jurisdiction where, upon consideration of the parties, the witnesses, the *situs* of the cause of action[,] and other kindred reasons, the litigation can more appropriately be conducted in another forum."  **Plum**

---

[8] Due to the backlog of cases and various delays and court closures as a result of the COVID-19 pandemic, the court did not rule on Appellee's motion until June 1, 2022.  On that date, the court entered an order denying Appellants' motion for reconsideration.  **See** Pa.R.A.P. 1701(b)(3), Note ("By statute, a trial court has only 30 days from the entry of a final order to 'modify or rescind' its order."); **see also** 42 Pa.C.S.A. 5505.

[9] On December 24, 2021, Appellants filed a complaint against Appellees in Middlesex County, Massachusetts.  **See Nwachan v. The TJX Companies, Inc. et al.**, Civil Action No. 2181CV06555, Superior Court, Middlesex County, Massachusetts.

[10] Appellants do not challenge the trial court's determination that an alternative forum was available to them.

*v. Tampax, Inc.*, 160 A.2d 549, 552 (Pa. 1960). In Pennsylvania, the common law doctrine of forum *non conveniens*, in the context of an interstate foreign dispute, is codified, as follows, at 42 Pa.C.S.A. § 5322(e):[11]

> **(e) Inconvenient forum.** – When a tribunal finds that in the interest of substantial justice the matter should be heard in another forum, the tribunal may stay or dismiss the matter in whole or in part on any conditions that may be just.

42 Pa.C.S.A. § 5322(e). The burden is on the party seeking to dismiss the action to establish that the matter should be heard in another jurisdiction. *McConnell v. B. Braun Med. Inc.*, 221 A.3d 221, 228 (Pa. Super. 2019).

While the plaintiff's choice of forum is entitled to weighty consideration, the doctrine of forum *non conveniens* is a "necessary counterbalance to insure [sic] fairness and practicality." *Okkerse v. Howe*, 556 A.2d 827, 832 (Pa. 1989) (citation omitted). In fact, a plaintiff's choice of forum is entitled to a lesser degree of deference "when the plaintiff's residence and place of injury are located somewhere else." *Failor v. FedEx Ground Package Sys., Inc.*,

---

[11] Dismissal under section 5322(e) "differs substantially from transfer under Pa.R.C.P. 1006(d). Rule 1006(d) enables the court to transfer an action to another *county* [i.e., intrastate,] within the Commonwealth 'for the convenience of the parties and witnesses.'" *Alford v. Philadelphia Coca-Cola Bottling Co.*, 531 A.2d 792, 794 (Pa. Super. 1987) (emphasis added). On the other hand, a section 5322(e) dismissal "terminates the litigation in the courts of this Commonwealth [and, u]nlike the intra-jurisdiction transfer of Rule 1006(d), section 5322(e) applies when a tribunal of this jurisdiction determines that a tribunal in another jurisdiction would offer a more convenient and appropriate situs for the action." *Id.* "The corresponding burden of proof [for a motion to dismiss under section 5322] is lesser than that of a motion seeking an intrastate transfer." *Wright v. Consol. Rail. Corp.*, 215 A.3d 982, 992-93 (Pa. Super 2019).

248 A.3d 527, 534 (Pa. Super. 2021); **Bochetto v. Piper Aircraft Co.**, 94 A.3d 1044, 1056 (Pa. Super. 2014) (same). **See also Wright**, **supra** at 992-93 (indicating plaintiff's choice of filing action in foreign forum is not deemed inherently reasonable or treated with same level of reasonability as plaintiff filing in his or her native forum).

When determining if a case should be dismissed under the doctrine of forum *non conveniens*, a court must consider the following: (1) plaintiff's choice of forum should not be disturbed except for "weighty reasons;" and (2) an action will not be dismissed in any event unless an alternative forum is available to the plaintiff.[12] **Petty v. Suburban General Hospital**, 525 A.3d 1230, 1232 (Pa. Super. 1987) (quoting **Gulf Oil Corp. v. Gilbert**, 330 U.S. 501, 508-509 (1947)). "To determine whether such 'weighty reasons' exist to overcome a plaintiff's choice of forum, the trial court must examine both the public and private[13] factors involved." **Engstrom v. Bayer Corp.**, 855

---

[12] In determining whether an alternate forum exists for purposes of ruling on a motion to dismiss, our Supreme Court has stated:

> [T]he suit will be entertained, no matter how inappropriate the forum may be, if [the] defendant cannot be subjected to jurisdiction in other states. The same will be true if plaintiff's cause of action would elsewhere be barred by the statute of limitations, unless the court is willing to accept defendant's stipulation that he will not raise this defense in the second state. [The action should not be dismissed unless defendant submits to jurisdiction in another appropriate and more convenient forum.]

**Plum**, 160 A.2d at 553.

*(Footnote Continued Next Page)*

A.2d 52, 55 (Pa. Super. 2004). "These two sets of factors are not mutually exclusive[,] but rather supplement each other." **Plum**, 160 A.2d 549 at 553. Finally, "[i]t is within the trial court's discretion to weigh some of these factors more heavily than others [] because weighing the factors is not an exercise in counting numbers." **Lyndes v. Penn Central Corporation**, 254 A.3d 725, 738 (Pa. Super. 2021).

An appellate court's "standard of a review of a trial court's ruling on a [p]etition to [d]ismiss on the grounds of forum *non conveniens* is [an] abuse of discretion. **Pisieczko v Children's Hosp.**, 73 A.3d 1260, 1262 (Pa. Super. 2013). "An abuse of discretion will be found when the trial court 'misapplies the law or exercises [its] judgment in manner that is manifestly unreasonable or the result of bias, prejudice or ill will.'" **Id.** at 1262. If there is any basis for the trial court's decision, the decision must stand. **Brown v. Delaware Valley Transplant Program**, 538 A.2d 889, 891 (Pa. Super. 1988) (citation omitted).

---

[13] In **Gulf Oil**, the United States Supreme Court set forth the private factors involved in a section 5322 analysis as follows:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling [witnesses;] [] the cost of obtaining attendance of willing[] witnesses; possibility of view[ing] premises, if view[ing] would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

**Id.**, 330 U.S. at 508. Appellants, however, do not challenge the trial court's consideration of private factors.

Appellants contend that the trial court improperly dismissed its action because HomeGoods failed to establish "weighty reasons" justifying "negating [their] chosen forum." Appellants' Brief, at 4. Specifically, Appellants argue that HomeGoods did not provide sufficient evidence to show why the public interest factors "strongly militate" in favor of dismissal. *Id.* In addition, Appellants claim that the trial court made presumptions about evidence against them and assumed facts not in the record when it determined that the case should be heard in another forum. *Id.*

In *Gulf Oil*, *supra*, the Supreme Court discussed the relevant public factors to consider when faced with a motion to dismiss based on interstate transfer:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community [that] has no relation to the litigation. . . . There is an appropriateness, too, in having the trial . . . in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Gulf Oil*, *supra* at 508-09. "The fact that the suit to some extent also involves the internal affairs of a foreign corporation is another factor to be considered in determining whether our court should entertain the suit." *Plum*, 160 A.2d at 562.

Instantly, the trial court found that the following private factors justified the dismissal of Appellants' action: there were no significant contacts between Appellants' cause of action and the Commonwealth of Pennsylvania where

Appellants are Delaware citizens and residents; every occurrence leading up to Adonis' death took place in Delaware, including purchase of the folding tray table; and where the substantive laws of Delaware will apply to this case, Delaware state court is in better position to apply its own laws and has greater interest in hearing a case involving its own citizens. Trial Court Opinion, 7/19/22, at 9.

In its Rule 1925(a) opinion, the trial court relies heavily upon ***Cinousis v. Hechinger Dep't Store***, 594 A.2d 731 (Pa. Super. 1990), to support its order granting HomeGoods' motion to dismiss. In ***Cinousis***, plaintiffs, a husband and wife, were New Jersey residents. They brought a personal injury lawsuit in Philadelphia after wife was injured when she fell in a Deptford, New Jersey, department store. The defendant-department store was a Delaware corporation, with its principal place of business in Maryland. The corporation, however, operated stores in Pennsylvania, with at least one store located in Philadelphia. Defendant filed a motion to dismiss the matter on the basis of forum *non conveniens*. The court granted the motion, concluding that the action would more appropriately be heard in New Jersey, based on the following factors:

- Plaintiffs were not residents of PA;
- Pertinent events giving rise to cause of action occurred outside of PA;
- Relevant medical records of wife's physician after accident were located outside of PA;
- Known witnesses resided outside of PA;
- Additional witnesses would most likely reside outside of PA;
- Plaintiffs had another more convenient forum available to them in NJ.

*Id.* at 733.

On appeal, our Court affirmed the trial court's dismissal of plaintiff's action, concluding that "the interest of this Commonwealth in providing a forum for its residents to litigate their disputes [was] not implicated" because plaintiffs were not Pennsylvania residents. *Id.* Moreover, our Court found that where witnesses and documentary evidence in the case were located in New Jersey, it was "potentially more difficult to try th[e] case in Pennsylvania." *Id.* Our Court also concluded that because the events underlying the action occurred in New Jersey, "it is likely that the substantive rights of the parties will be determined according to New Jersey law." *Id.*

Appellants, on the other hand, argue that the trial court's reliance on *Cinousis* is "inconsistent" where the trial judge dismissed the case based on *Petty's* public factors. Appellants contend that this case is more analogous to another products liability case, *McConnell*, *supra*. In *McConnell*, plaintiff filed her action[14] against defendants, who are manufacturers and distributers of medical devices,[15] when one of their devices allegedly "failed" after being implanted in plaintiff's inferior vena cava, a central vein in the heart. At the

_____

[14] Plaintiff also alleged negligence, strict products liability/failure to warn, strict products liability/design defect, strict products liability/manufacturing defect, breach of implied warranty of merchantability, negligent misrepresentation, and punitive damages. *Id.* at 225.

[15] One defendant, B. Braun France (Braun France), designed and manufactured the device. Another defendant, B. Braun Medical Inc. (BMI), imported and distributed the device throughout the United States. Finally, the third defendant, B. Braun Interventional Systems (BIS), maintained the exclusive rights to the device.

time of the procedure, the plaintiff resided in Michigan, which is also where the procedure was performed. Five years after the procedure, plaintiff moved to North Carolina, where she resided for five years. Plaintiff then moved to Texas, where she underwent a CT scan that revealed that the implanted device had "penetrated through the caval wall" and caused damage that would require "ongoing medical care and monitoring for the rest of her life." *Id.* at 224-25.

The defendants, BMI, a Pennsylvania corporation with its headquarters located in Lehigh County, Pennsylvania, BIS, a Delaware corporation, and Braun France, a French corporation, filed motions to dismiss the lawsuit, based on forum *non conveniens*. Defendants alleged that the suit should be re-filed in plaintiff's home state (TX) or where the device was implanted (MI). *Id.* at 225. Ultimately, the defendants consented to trial in Texas or Michigan and also agreed to waive a statute of limitations defense in the event of dismissal. *Id.* Alternatively, defendants sought to have the case transferred to Lehigh County. *Id.*

After hearing argument and taking evidence, the trial court dismissed plaintiff's suit, concluding that "Pennsylvania had little interest in resolving [plaintiff's] products liability claims . . ., that [there would be] potential difficulties in applying out-of-state law[, and that if the case were refiled in Texas,] the presence of witnesses could more easily be ensured." *Id.* at 226. On appeal, our Court reversed the trial court's dismissal order, concluding that

"[t]he trial court abused its discretion because it gave no weight to many relevant factors and too much weight to irrelevant ones." *Id.* at 232.

In particular, our Court found that the trial court misapplied the law in the following ways with regard to private interest factors: (1) ruling existence of any documentation or evidence in PA would be immaterial; (2) assuming or speculating that plaintiff's medical care providers are indispensable witnesses who will refuse to attend trial in PA; (3) assigning weight to "potential" inconveniences to plaintiff; (4) not considering the presence of BIS employees in Lehigh County, where those employees personally engage in the sale, distribution, and marketing of the implanted device; (5) not considering defendants' affidavits, submitted to support their motion to dismiss, showing PA is a more convenient forum than TX or MI; (6) not taking into account BIS' president's admission that several employees reside in Lehigh County; (7) improperly relying on claim that evidence is located in France and that distance between PA and that locale "may pose logistical difficulties" where any U.S. state would be equally remote (8) where BMI and BIS have corporate offices in PA and, therefore, forum state as good as any other in terms of convenience for those defendants; and (9) defendants did not show how application of TX law could make a difference in outcome of suit. *Id.* at 229-31.

With regard to public factors, our Court found the trial court misapplied the law by: (1) disregarding PA's interests and improperly focusing on whether Philadelphia is convenient forum; (2) not analyzing PA's interests in light of

undisputed number of BIS workers that reside in PA and have personal knowledge about products liability case; and (3) failing to account for corporate action where marketing, sale and post-market surveillance of device was from within PA and is crux of many of plaintiff's claims. *Id.* at 231-32.[16]

Here, we agree with the trial court and conclude that this case is more akin to the circumstances and facts in *Cinousis*[17] where:

_____

[16] Although not raised on appeal, we emphasize that HomeGoods stipulated to submit to jurisdiction in a Delaware court and, if necessary, agreed to stipulate to the tolling of the two-year statute of limitations on Appellants' claim from the date that the original lawsuit was filed in Pennsylvania. Memorandum of Law in Support of Motion to Dismiss, 9/10/21, at 6-8. *See McConnell*, *supra* at 228 n.7 ("It is unnecessary to assess whether an alternative forum is available for [the plaintiff's] claims because the [d]efendants have stipulated to jurisdiction in Texas or Michigan.").

In *Lyndes v. Penn Cent. Corp*, 254 A.3d 725 (Pa. Super. 2021), where the defendant stipulated to waive the statute of limitations, as well as not object on the basis of venue or personal jurisdiction, if the plaintiff refiled in another appropriate jurisdiction, our Court concluded that the second *Petty* factor—whether an alternate forum exists—was not an issue in the case. *Id.* at 733. Similarly, here, we agree that the trial court properly determined that an alternate forum existed where HomeGoods stipulated to both submit to jurisdiction and not raise the defense of the statute of limitations if Appellants were to refile in Delaware, an alternate forum. *See Cinousis*, 594 A.2d at 732 (suit will be entertained in plaintiff's forum, no matter how inappropriate, if "cause of action would elsewhere be barred by the statute of limitations, *unless the court is willing to accept defendant's stipulation that he will not raise this defense in the second state*") (emphasis added); *Plum*, *supra* (stipulation by defendant that he or she will submit to service of process and not raise statute of limitations defense has been accepted by courts as eliminating concern regarding the availability of alternative forum).

[17] Even though the *Cinousis* court relied heavily on private interest factors in justifying its decision to dismiss plaintiff's case, we recognize that we are not limited by the trial court's rationale and may affirm its decision on any basis. *(Footnote Continued Next Page)*

- 14 -

- Appellants are not residents of PA;
- Decedent's accident and death occurred outside of PA;
- Decedent's relevant medical records post-accident are located outside of PA;
- Appellants have another more convenient forum available to them; and
- HomeGoods' employees who are responsible for the distribution, sales, and recalls of their products neither reside nor work in PA.[18]

Significantly, unlike two of the **McConnell** defendants (BIS and BMI) that had either a principal place of business or a headquarters in Lehigh County, HomeGoods has no corporate offices in Pennsylvania. **Cf. McConnell**, **supra** at 231 ("If held in Pennsylvania, a trial would determine whether corporations with a principal place of business and a headquarters located within it have sold, marketed[,] and distributed a product that may have injured people across the country."). Rather, the *only* connection that HomeGoods has to this Commonwealth is the fact that it is registered to do business in Pennsylvania and conducts business in the state. **See Jessop v. ACF Indus.,**

_____

**Blumenstock v. Gibson**, 811 A.2d 1029, 1033 (Pa. Super. 2002). **See infra** at n.18 (discussing private factors in instant case).

[18] In fact, Appellants, somewhat paradoxically, admit that the "conduct giving rise to Appellee's alleged liability" did not occur in Pennsylvania. **See** Appellants' Brief, at 17 ("[T]he pertinent conduct giving rise to Appellee's alleged liability—*e.g.*, Appellee's acquisition and sale of a foreign-made-defective product—occurred not in Delaware[,] but in Massachusetts."); **id.** ("Appellee's employees who are responsible for the distribution, sales, recalls, etc.[,] of products sold by HomeGoods . . . reside and work in Massachusetts . . . and [t]hese individuals' documents and files are also located in Massachusetts."). **See also** Affidavit of Paul Kangas, HomeGoods Chief Risk and Compliance Officer, 9/9/21, at ¶¶ 6-8 (primary witnesses concerning sales/transactions in instant case located in DE or MA, their documents and files located in DE or MA, other potentially relevant HomeGoods' witnesses responsible for distribution, sales and recalls of HomeGoods' products reside and work in MA and their documents and files located in MA).

***LLC.***, 859 A.2d 801 (Pa. Super. 2004) (even though defendant did business in Pennsylvania, because plaintiff failed to prove facts of case bore any connection to Commonwealth, trial court did not abuse discretion in dismissing case to be re-filed in alternate forum); ***but see McConnell***, ***supra*** at 225 ("It was undisputed that each of the Braun Defendants . . . have varying degrees of local presence in [plaintiff's] chosen forum of Philadelphia County."); ***id.*** at 230 ("BMI and BIS both have corporate offices in Pennsylvania; so in terms of convenience for those defendants, that forum state seems as good as any other."); ***Failor***, ***supra*** (motion to dismiss reversed on appeal where plaintiff was PA resident, corporate defendant maintained principal place of business in PA, and defendant has shipping facility located in PA).

Simply put, the "meaningful ties" that the plaintiff's case had to Pennsylvania in ***McConnell*** and ***Failor***, due to the defendants' corporate offices being located in the state, do not exist in the instant case. Without these ties, the interest that Pennsylvania has to this case is significantly lacking, and, thus, weighs in favor of dismissing the case. ***See Wright***, ***supra*** at 996 (marginal connection between party's business activities in forum and claims at issue "weighs in favor of transferring a case"); ***Engstrom v. Bayer Corp.***, 855 A.2d 52 (Pa. Super. 2004) (imposing jury duty and court costs on

communities with no relation to plaintiff's claim weighs in favor of transferring case).[19]

It is well-established that under section 5322(e), when we are presented with a foreign plaintiff, the assumption that plaintiff's chosen forum is convenient is much less reasonable. *Aerospace Finance Leasing, Inc. v. New Hampshire Ins. Co.*, 696 A.2d 810, 814 (Pa. Super. 1997) (citation omitted). With that premise in mind, we conclude that "in the interest of substantial justice," 42 Pa.C.S.A. 5322(e), the trial court properly dismissed the matter: Appellants are not residents of PA; the accident did not occur in PA; the HomeGoods' store where the allegedly defective product was sold was not located in PA;[20] HomeGoods is not incorporated in PA; HomeGoods does

_____

[19] Although neither binding nor of persuasive value, we do note our Court's decision, *Duckett v. WaWa, Inc.*, No. 3405 EDA 2009 (Pa. Super. 2011) (unpublished memorandum decision affirming motion to dismiss personal injury action, filed in Philadelphia County, on forum *non conveniens* grounds where plaintiff injured in New Jersey WaWa store, plaintiff is NJ resident, witnesses located in NJ, NJ law will likely apply to case, WaWa waived any statute of limitations objection in NJ court, and *only connection case has to PA is fact WaWa headquartered in Delaware County and maintains locations around Philadelphia area*). In fact, 25% of all WaWas are located in Pennsylvania.

[20] Although the issue regarding whether the same product (folding tray table) was sold in Pennsylvania HomeGoods stores was raised at oral argument, we note that in their response to HomeGoods' motion to dismiss Appellants stated that they "do not allege that the specific table at issue was sold in Pennsylvania." *See* Response to Motion to Dismiss, 9/29/21, at ¶ 19. *See also* Motion to Dismiss, 9/10/21, at ¶ 19 (HomeGoods stating in motion to dismiss, "Plaintiffs do not aver that the table was distributed or sold in Pennsylvania."). Moreover, our exhaustive review of the record uncovers no
*(Footnote Continued Next Page)*

not have it principal place of business in PA; HomeGoods' employees who are responsible for the distribution, sales, and recalls of their products do not reside or work in PA; HomeGoods' employees' documents and files regarding product distribution, sales and recalls are not located in PA; and none of the parties or potential witnesses reside in PA. Accordingly, we cannot conclude that the trial court abused its discretion in granting HomeGoods' motion to dismiss.[21]

The trial court neither misapplied the law nor exercised its judgment in a manner that was manifestly unreasonable or the result of bias, prejudice, or ill will. **Pisieczko**, **supra**. We are guided by the edict that "[i]f there is any basis for the trial court's decision, the decision must stand." **Brown**, **supra** at 891. Therefore, even though jurisdiction and venue technically may have been proper in Pennsylvania, it does not preclude dismissal based on forum

_____

evidence that the table was alleged to have been sold in PA, and Appellants do not raise that claim in their appellate brief.

[21] In addition, the following private factors were involved in the case: Delaware police officers, firemen, medics, and EMTs responded to Appellants' home to provide emergency services to Adonis; Delaware police conducted the accident investigation; the Delaware Division of Family Services was involved in investigating the case; Adonis was treated by Delaware doctors at a Delaware hospital following the accident; and, finally, a Delaware medical examiner performed an autopsy on Adonis. **See** Motion to Dismiss, 9/10/21, at ¶¶ 26-43; **see also** Complaint, 7/30/20, at ¶ 42 (alleging "EMS and Police arrived on scene [and] performed intubation and CPR approximately thirty (30) minutes before arrival at Christiana Hospital . . . where Advanced Trauma Life Support protocol was initiated upon arrival at the hospital [and, after unsuccessful efforts,] Adonis was pronounced dead.").

*non conveniens* where Appellants have the right to re-file in an alternate forum. 42 Pa.C.S.A. 5322(e). ***See Hovatter v. CSX Transp., Inc.***, 193 A.3d 420, 427 (Pa. Super. 2018) (citation omitted) (even if venue technically proper, dismissal appropriate if where "there is a more convenient forum where the litigation could be conducted more easily, expeditiously, and inexpensively").

In their second claim on appeal, Appellants argue that the trial court was without authority and jurisdiction to order them to re-file in Delaware within 20 days of the date of its decision. Based upon the record evidence and the fact that Appellants have re-filed their decision in another alternate forum, Massachusetts, within the statute limitations, we find this argument moot. As HomeGoods correctly notes, "Appellants have suffered no prejudice whatsoever as a result of the trial court's ruling [where they] have availed themselves of [an alternative] forum." Appellee's Brief, at 22.[22]

However, even if we were to address the merits of the claim, we would conclude Appellants are entitled to no relief. In ***Rahn v. Consolidated Rail Corporation***, 254 A.3d 738, 747 n.6 (Pa. Super. 2021), our Court noted that, while trial courts lack authority to transfer matters to courts of our sister states, "when appropriate, our courts should dismiss the action [under section 5322(e)] to permit re-filing in another state." Therefore, the trial court was acting within its authority by instructing Appellants to re-file in an alternate

---

[22] In fact, Appellants not only disregarded the 20-day time table in the trial court's order, but also chose to file in a state other than Delaware.

forum within the statute of limitations. **_See also Jessop v. ACF Indus., LLC_**, 859 A.2d 801 (Pa. Super. 2004) (affirming order granting defendants' motion to dismiss case and granting leave to re-file lawsuit in Kansas).

Order affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/19/2023</u>