J-A20009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANDRE GARCIA AND DANIELLE CASTALEITE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 3200 EDA 2024 |
| FOLEY, INC., FOLEY RENTS, FOLEY INCORPORATED D/B/A FOLEY RENTS, AND CATERPILLAR, INC. | : | |

Appeal from the Order Entered October 24, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230700387

BEFORE: MURRAY, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

DISSENTING MEMORANDUM BY MURRAY, J.: **FILED MARCH 31, 2026**

I respectfully dissent. At the outset, I emphasize that, in this matter, much of the evidence is undisputed, including the following facts: Appellants are not residents of Pennsylvania;[1] the site of the accident is outside of Pennsylvania; the accident was investigated by authorities located outside of Pennsylvania; the medical treatment Mr. Garcia received following the accident was performed outside of Pennsylvania; Mr. Garcia's employer

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellants reside in Elizabeth, New Jersey. Elizabeth is located in the northern part of the state, approximately 80 miles from Philadelphia, and approximately 13 miles southwest of the location of the workplace accident that caused Mr. Garcia's injuries in Jersey City, New Jersey.

(based in northern New Jersey) leased the subject excavator that injured Mr. Garcia outside of Pennsylvania; the excavator was manufactured and sold outside of Pennsylvania; the respective principal places of business of Appellees Caterpillar and Foley are located outside of Pennsylvania; many potential witnesses in this case are located outside of Pennsylvania; Appellees are not incorporated under the laws of Pennsylvania; the laws of New Jersey, as opposed to Pennsylvania, will govern this litigation; and a suitable alternative forum (*i.e.*, New Jersey) is available for Appellants to litigate their claims.

Certainly, while "[a] plaintiff's choice of forum is entitled to deference," **McConnell v. B. Braun Medical Inc.**, 221 A.3d 221, 227 (Pa. Super. 2019), a chosen forum is entitled "to a somewhat lesser degree" of deference where, as here, "the plaintiff's residence and place of injury are located somewhere else." **Id.**; **see also Okkerse v. Howe**, 556 A.2d 827, 832 (Pa. 1989) (stating that although a plaintiff's choice of forum is "entitled to weighty consideration," it "is not unassailable," and the doctrine of *forum non conveniens* is a "necessary counterbalance to [e]nsure fairness and practicality." (citations omitted)); **Fessler v. Watchtower Bible & Tract Soc'y of N.Y., Inc.**, 131 A.3d 44, 53 (Pa. Super. 2015) (stating that when a "plaintiff engages in improper forum shopping, the trial court may interfere with the plaintiff's choice of forum on *forum non conveniens* grounds." (citation and internal quotation marks omitted)).

After reviewing the limited record before us, I believe this case is akin to the situation we confronted in *Cinousis v. Hechinger Department Store*, 594 A.2d 731 (Pa. Super. 1991). In *Cinousis*, plaintiff Rosina Cinousis (Cinousis), a resident of New Jersey, sustained personal injuries when she fell inside a department store owned by the defendant, located in Deptford, New Jersey (approximately 14 miles south of Philadelphia). *Id.* at 731. The defendant's principal place of business was located in Maryland, but it operated at least one store in Philadelphia. *Id.* Cinousis and her husband (the appellants) filed a personal injury action in Philadelphia, after which the defendants filed a motion to dismiss based on *forum non conveniens*. *Id.* The trial court granted the motion to dismiss, and the appellants appealed. *Id.*

We affirmed the dismissal in *Cinousis*, reasoning, in relevant part, as follows:

> The [appellants] are not residents of Pennsylvania. The pertinent events giving rise to the cause of action occurred outside of Pennsylvania. The relevant medical records of [Cinousis's] physician after the alleged accident are located outside of Pennsylvania. The known witnesses reside outside of Pennsylvania and any additional witnesses will most likely reside outside of Pennsylvania. Finally, the [appellants] have another[,] more convenient forum available to them in New Jersey.
>
> * * *
>
> Because appellants are not residents of Pennsylvania, the interest of this Commonwealth in providing a forum for its residents to litigate their disputes is not implicated. The fact that the witnesses and documentary evidence are located in New Jersey make it potentially more difficult to try this case in Pennsylvania. Continued proceedings in Pennsylvania also offer the possibility of delay and increased costs in completing a trial. Additionally, because the events at issue in this case occurred in New Jersey,

> it is likely that the substantive rights of the parties will be determined according to New Jersey law.

> * * *

> In view of the absence of any significant contact between [the] appellant[s'] cause of action and this Commonwealth, the need to apply the substantive law of New Jersey, and the significant backlog of cases which currently plagues the dockets of the Philadelphia court system, we hold that the trial court did not abuse its discretion when it dismissed appellant[s'] action in the instant case.

*Id.* at 733 (internal citation omitted; paragraph formatting modified).

Nevertheless, I agree with the Majority that, with respect to the private interest factors, Appellees failed to carry their evidentiary burden of establishing that "weighty reasons" exist to overcome the deference Pennsylvania law affords to Appellants' chosen forum. The Majority competently discusses our Supreme Court's recent decision in *Tranter v. Z&D Tour, Inc.*, 343 A.3d 1106, 1127 (Pa. 2025), which details a moving party's evidentiary burden related to a claim of *forum non conveniens*. *See* Maj. at 13-15. Although Appellees submitted, in support of their Motion to Dismiss, an affidavit from Foley's general manager, Matthew Emerson, *see* Maj. at 3-4, Appellees neglected to adduce any further evidence and "did not identify any witnesses or summarize their possible testimony." *Id.* at 17. While I agree with the Majority that "Appellees failed to clear [] *Tranter*'s relatively low evidentiary bar[,]" *id.* at 15, the Majority overlooks many undisputed facts in this case that establish the absence of any meaningful contact between

- 4 -

Appellants' cause of action and this Commonwealth.  Moreover, the ***Tranter***

Court, citing ***Bratic v. Rubendall***, 99 A.3d 1 (Pa. 2014), stated as follows:

> ***Bratic*** provides important guidance for courts assessing a claim of *forum non conveniens* based upon witness hardship.  A defendant petitioning for transfer of venue must place the grounds on the record, but no "particular form of proof" is required. ***Bratic***, 99 A.3d at 9 (quoting ***Wood v. E.I. du Pont de Nemours and Co.***, 829 A.2d 707, 714 (Pa. Super. 2003) (*en banc*)).[2]  There is no fixed litmus for the content of a witness affidavit.  ***Id.*** (citing ***Wood***, 829 A.2d at 714).  Indeed, there is no "affidavit requirement" at all.  ***Wood***, 829 A.2d at 714 n.6;[3] ***see Bratic***, 99 A.3d at 9-10.  Rather, as with the ultimate decision as to whether to transfer venue, the sufficiency of the evidentiary basis is left to the sound discretion of the trial court, subject to review for abuse of that discretion.

***Tranter***, 343 A.3d at 1106 (footnotes added; footnote citations in original

moved to body and modified).

Further, as the Majority correctly observes, although the trial court, in

its Pa.R.A.P. 1925(a) opinion, briefly acknowledged the public interest factors

courts must consider when determining whether dismissal of an action is

---

[2] Although ***Tranter***, ***Bratic***, and ***Wood*** implicated requests for forum *non conveniens* transfer between Pennsylvania Counties, rather than between states, as the Majority aptly observes, "***Tranter***'s explanation of the evidentiary burden makes sense in both contexts."  Maj. at 15; ***see also id.*** n.7.

[3] In ***Wood***, this Court upheld the trial court's ruling that a trial in the venue selected by plaintiffs (Philadelphia County) – which was over 170 miles away from the site of the accident that precipitated the personal injury action (Bradford County), as well as defendant's witnesses and experts – would have been so oppressive and vexatious to defendant as to justify *forum non conveniens* transfer of venue.  ***Wood***, 829 A.2d at 712-14.  We rejected plaintiffs' claim that defendant failed to meet its evidentiary burden, where it "presented only one affidavit," stating, "all that is required is that the moving party present a sufficient factual basis for the petition" to transfer venue.  ***Id.*** at 714.

appropriate, *see* Trial Court Opinion, 2/18/25, at 4, the court "did not discuss or weigh the public factors." Maj. at 12; *see also id.* at 10 (detailing the public factors, as set forth in ***Bochetto v. Piper Aircraft Co.***, 94 A.3d 1044, 1049 (Pa. Super. 2014)). However, unlike the learned Majority, based upon the trial court's failure to conduct any analysis of the public factors, I would instead vacate the trial court's order and remand with instructions for the court to conduct a "thorough analysis of **all** relevant *forum non conveniens* factors in this case." ***Bochetto***, 94 A.3d at 1056 (emphasis in original; footnote omitted).

The ***Bochetto*** Court addressed a similar situation and stated, "the failure of the trial court fully to evaluate the private and public *forum non conveniens* factors may serve as the basis for reversal[.]" ***Id.*** In ***Bochetto***, this Court determined that "[d]ue to the absence of a complete trial court discussion of" the relevant *forum non conveniens* factors implicated in that case, "it is not possible for us to assess the probity of the trial court's analysis." ***Id.*** at 1055.

> In ***Plum*** [***v. Tampax, Inc.***, 160 A.2d 549 (Pa. 1960),] the Pennsylvania Supreme Court held that "[p]roper application of the doctrine of [*f*]orum [*n*]on [*c*]onveniens necessitates that the court below … exercise its discretion after considering **all** the factors." ***Plum***, 160 A.2d at 554 (emphasis added)[.] …. Additionally, the Supreme Court of Pennsylvania has held that <u>a trial court fails to exercise its discretion when it does not conduct a full and thorough analysis of the *forum non conveniens* factors</u>. ***See Plum***, 160 A.2d at 554 ("Proper application of the doctrine of [*forum non conveniens*] necessitates that the court below make a finding as to the availability of other forums and then **exercise its discretion by considering all the factors.**").

Based upon the foregoing discussion, we are constrained to conclude that the learned trial court abused its discretion by failing fully to discuss the *forum non conveniens* factors in this case. **Plum**, [] **supra**. …. Accordingly, we vacate the trial court's order, and we remand for the trial court to conduct a complete and thorough analysis of **all** relevant *forum non conveniens* factors in this case.

**Bochetto**, 94 A.3d at 1056 (bold emphasis in original; underline emphasis added; footnote omitted).

Instantly, applying **Bochetto**, I would conclude that the trial court's failure to conduct any substantive analysis of the public factors constitutes an abuse of discretion, and warrants a remand for that consideration. **Id.** Accordingly, I respectfully dissent.